## Sonya Kelepecz v. George S. Kelepecz

Speziale, C. J., Peters, Healey, Parskey and Shea, Js.

Argued May 5—decision released July 13, 1982

*Robert R. Sheldon,* with whom, on the brief, was *T. Paul Tremont,* for the appellant (defendant).

*Alfred R. Belinkie,* with whom, on the brief, was *James F. Sullivan,* for the appellee (plaintiff).

Per Curiam. The marriage of the parties was dissolved in 1978. The dissolution order granted custody of their minor child to the plaintiff and required the defendant to pay $50 per week as child support and, for a period of three years, to pay $100 per week as alimony. In 1980 the plaintiff moved to modify the child support order. The trial court granted the motion, ordering the weekly child support increased to $100 per week. The defendant appeals from that order, claiming that the trial court abused its discretion because there was insufficient evidence to support a finding of an uncontemplated substantial change in the circumstances of the parties. We disagree with this claim and find no error.

The standard for reviewing trial court decisions in domestic relations cases has been articulated frequently by this court. "[T]he action of the trial court will not be disturbed unless it abused its legal discretion, and in determining this the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness . . . ." *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 263, 413 A.2d 854 (1979); see *Koizim* v. *Koizim,* 181 Conn. 492, 497, 435 A.2d 1030 (1980); *Corbin* v. *Corbin,* 179 Conn. 622, 624, 427 A.2d 432 (1980).

To modify a support order, the court must determine that there has occurred a substantial change in the parties' circumstances which was uncontemplated at the time the order was entered. General Statutes § 46b-86 (a); *Sanchione* v. *Sanchione,* 173 Conn. 397, 407, 378 A.2d 522 (1977); *Grinold* v. *Grinold,* 172 Conn. 192, 195, 374 A.2d 172 (1976); 2A Nelson, Divorce and Annulment (2d Ed. 1961) § 17.07. The party seeking modification of a support order must "clearly and definitely" demonstrate the substantial change. *McGuinness* v. *McGuinness,* 185 Conn. 7, 10, 440 A.2d 804 (1981); *Grinold* v. *Grinold,* supra, 196.

The trial court cited two grounds for its determination that the requisite change in circumstances had occurred: (1) increases in the child's expenses and (2) a substantial increase in the defendant's financial status vis-a-vis that of the plaintiff. There was evidence before the court of specific increased expenses for the child, principally the cost of attending nursery school in order to relieve the plaintiff's mother from the burden of caring for the child during the plaintiff's working hours.

The defendant contends that the parties' clear understanding that the plaintiff would be self-sufficient in three years necessarily encompassed an understanding that the initial child support figure included all child care. Such a claim blurs the distinction between the alimony and child support obligations and is not supported by the facts of this case. There was no evidence indicating that the alimony payments included any amount for child support. The plaintiff's mother had cared for the child apparently at little or no cost since the time when the plaintiff secured employment following the dissolution of the marriage. At the time of the modification hearing the grandmother was either unwilling or unable to continue to do so. Thus, absent any evidence that such a possibility had been discussed by the parties at the time of the original order, we cannot find that the court exceeded the limits of its discretion by concluding that nursery school enrollment was not contemplated at the time of the original decree.

The defendant's argument that the trial court had no basis for determining that his financial circumstances had changed in a manner uncontemplated by the parties is likewise without merit. At the time of dissolution the appellant had assets of $53,000 and liabilities of $32,000. By the time of the modification hearing the defendant's business, previously burdened with debt, was quite profitable and the defendant had purchased interests in four properties, some of which produced income. Thus, although the defendant voluntarily had kept his weekly draw from his company at substantially its predissolution level of $370, his total net worth had increased to $68,000. At the time of the modification hearing the plaintiff, who had been unemployed

during the marriage, was earning $202 a week and had increased her net worth from $31,000 to $40,000. Her liabilities were $4000, up from $3600 at the time of dissolution.

As is clear from the foregoing, the trial court was presented with specific information from which it could reasonably conclude that circumstances had substantially changed since the original support order and that those changes were uncontemplated at the time the order was entered. Nothing more is required. *Jacobsen* v. *Jacobsen,* supra, 263; *Grinold* v. *Grinold,* supra, 194.

There is no error.