JEROME JOSHUA KLEIN *v.* SANDRA PHYLLIS B. KLEIN
(2167)

BORDEN, SPALLONE and DALY, Js.

Argued January 9—decision released March 26, 1985

*Paul J. Pacifico,* with whom, on the brief, was *Steven W. Russo,* for the appellant (plaintiff).

*Ralph C. Crozier,* with whom, on the brief, was *Norman K. Chase,* for the appellee (defendant).

DALY, J. The plaintiff has appealed[1] from the refusal of the trial court to modify the judgment of dissolution.

The factual situation does not appear to be in dispute. On August 30, 1976, a judgment dissolving the marriage of the parties was entered by agreement. The

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. General Statutes § 51-197a (c).

terms of the judgment provided, inter alia, that the plaintiff husband would be allowed to reduce the monthly payments in the event of the defendant wife's remarriage.[2] The monthly payments would increase if the remarriage went awry. The separation agreement, which was incorporated into the judgment, provided that "remarriage shall be defined to mean cohabitation by the Wife with an unrelated male after and for four continuous months in the same residence so that the Superior Court at Stamford concludes the Wife and said male are living together." The cessation of cohabitation by the wife would reinstate the increased amount of alimony.

The plaintiff filed a motion for modification, dated September 17, 1982, alleging a change of circumstances of the parties, namely, cohabitation by the defendant with a male. It is uncontroverted that the defendant has been living with a French male intermittently for periods of two to three weeks both in Connecticut and France, but never for more than four consecutive weeks.

The trial court concluded that the plaintiff had not sustained his burden of proving cohabitation for four continuous months, and denied the motion to modify.

The plaintiff claims to have proved a remarriage under the agreement, and also raises the specter of public policy. The plaintiff contends that the terms of the separation agreement were not intended to condone the defendant's lifestyle.

"The interpretation of a contract must be made in accordance with the terms employed in the instrument and a court cannot by that means disregard the words used by the parties or revise, add to, or create a new

---

[2] The defendant was to receive, during the relevant period, $1833.33 per month if she did not remarry, and amounts ranging from $916.66 to $1375 per month if she did.

agreement." *Collins* v. *Sears, Roebuck & Co.,* 164 Conn. 369, 374, 321 A.2d 444 (1973). The intention of the parties must be determined from the language of the instrument itself and not from any intention either of the parties may have secretly entertained. *Sturman* v. *Socha,* 191 Conn. 1, 10, 463 A.2d 527 (1983); Holden & Daly, Connecticut Evidence (1966 & Sup. 1983) § 83 (b).

There is no question that a span of four continuous months of cohabitation is a necessary factor to constitute remarriage, as defined in the separation agreement, and such a span is lacking here. As has been so aptly stated, " '[a]lthough one may sympathize with the position in which the plaintiff finds himself the fact remains that by the separation agreement he made his bed and he cannot now be heard to complain.' " *McAnerney* v. *McAnerney,* 165 Conn. 277, 287, 334 A.2d 437 (1973).

There is no error.

In this opinion the other judges concurred.