## BEVERLY R. RIBNER *v.* ROBERT S. RIBNER
## (3471)

HULL, BIELUCH and GLASS, Js.

Argued November 25, 1985—decision released January 21, 1986

*Stephen F. McEleney,* for the appellant (defendant).

*Gerald A. Roisman,* with whom, on the brief, was *Edith McClure,* for the appellee (plaintiff).

GLASS, J. This is an appeal from the denial of a post-judgment motion for modification of a support order entered as part of a dissolution decree.

The chronological history of this case and the facts relevant to the motion are as follows: On the basis of an agreement, the marriage of the parties was dissolved on August 26, 1982. Pursuant to the agreement, the dissolution decree ordered, inter alia, that the defendant pay child support for his three minor children in the amount of $400 per week.

The defendant's motion, dated January 17, 1983, for specific visitation rights and modification of the existing support order was heard and denied on February 14, 1983. A second motion, dated September 20, 1983, for modification of the support order was heard on June 4, 1984, and decided by memorandum of decision dated July 24, 1984. This motion was likewise denied. The denial was based upon the court's finding of no change of circumstances. The defendant's appeal is from the denial of this second motion.

The defendant makes the following claims of error: (1) the trial court erred in deciding the motion without hearing evidence; (2) the trial court erred in denying the motion for modification on the basis of earning capacity without a factual basis for its conclusion; (3) the trial court abused its legal discretion in denying the motion in that (A) it failed to find the defendant's bankruptcy a substantial change in circumstances, (B) it failed to consider or find a substantial change in circumstances in the plaintiff's financial condition, and (C) it could not have reasonably concluded as it did on the basis of the circumstances outlined by counsel; (4) the trial court erred in denying the motion for modification partly on the basis of the defendant's agreement to pay the original court award; and (5) the trial court erred in basing its decision in part on a finding that the defendant was unconcerned with his professional practice.

In support of his claims, the defendant urges this court to consider that at the hearing on June 4, 1984,

counsel for the defendant called the defendant as a witness who, after inquiry by the court about the positions of the parties, presented an oral summary of his claims. He stated the following: the parties had three minor children, issue of the marriage, then sixteen, fourteen and ten years of age; at the time of the dissolution, he agreed to pay $400 per week support; he earned $313.99 net from his accounting practice and relied heavily on cash generated from his investments for income to pay his obligations; in October, 1983, he was adjudicated a bankrupt and lost interests in all of his real estate holdings and businesses. The financial affidavit of the defendant dated June 4, 1984, showed net earnings of $358.74 from his accounting practice and he asserts that there is no evidence nor was there any claim in oral argument that he was dishonest in reporting his income.

In contrast to his financial status, the defendant claims that the financial status of the plaintiff has significantly improved since dissolution. According to the plaintiff's financial affidavit, at the time of the dissolution the parties' equity in the family home was $146,350. In accordance with the agreement and decree, the defendant conveyed his interest in the property to the plaintiff. The defendant claims that the plaintiff's income at the time of the dissolution was $11.80 per week, as contrasted with her wages of $70 per week at the time of the hearing on the second motion for modification, and that she receives about $1000 per month additional income from the sale of a limited partnership interest. He contends that although the youngest child was ten years old and the two older children could babysit, the plaintiff has refused to seek fulltime employment. He states that the plaintiff's financial affidavit includes about $60,000 cash that she did not have at the time of the dissolution, and the trust fund for her and the children has grown since then from

$56,820.97 to about $90,000. Additionally, her parents provide her with financial assistance. Both parties have remarried since the dissolution. He contends that the plaintiff's husband was or should be able to share her expenses.

The standard required to be observed by an appellate court in reviewing domestic relations cases has been articulated frequently by our Supreme Court. "[T]he action of the trial court will not be disturbed unless it abused its legal discretion, and in determining this the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness . . . ." *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 263, 413 A.2d 854 (1979); *Kelepecz* v. *Kelepecz,* 187 Conn. 537, 538, 447 A.2d 8 (1982); *Koizim* v. *Koizim,* 181 Conn. 492, 497, 435 A.2d 1030 (1980); *Corbin* v. *Corbin,* 179 Conn. 622, 624, 427 A.2d 432 (1980).

"To modify a support order, the court must determine that there has occurred a substantial change in the parties' circumstances which was uncontemplated at the time the order was entered. General Statutes § 46b-86 (a); *Sanchione* v. *Sanchione,* 173 Conn. 397, 407, 378 A.2d 522 (1977); *Grinold* v. *Grinold,* 172 Conn. 192, 195, 374 A.2d 172 (1976); 2A Nelson, Divorce and Annulment (2d Ed. 1961) § 17-07. The party seeking modification of a support order must 'clearly and definitely' demonstrate the substantial change. *McGuinness* v. *McGuinness,* 185 Conn. 7, 10, 440 A.2d 804 (1981); *Grinold* v. *Grinold,* supra, 196." *Kelepecz* v. *Kelepecz,* supra, 538.

The defendant strongly presses his claim that the trial court erred in deciding the motion by taking the papers and without hearing any testimony. The defendant specifically requested that the trial court, if it had any question as to the facts supporting the motion, call the

parties back into court to give further testimony.[1] By his argument, the defendant concedes that unless the trial court had questions of fact requiring resolution, there was no need for a hearing after oral argument. In rendering its decision, the trial court had for consideration, in addition to the oral arguments of counsel, the court file containing the agreement which was the basis of the dissolution decree, the judgment file, three financial affidavits of the defendant and two financial affidavits of the plaintiff. There is no dispute about the defendant's adjudication as a bankrupt, nor is there any factual issue about each party having remarried and the defendant being a certified public accountant. Counsel for the defendant suggested a return for a hearing only if the court encountered questions of fact requiring resolution before a decision on the motion. There is no evidence that the court encountered any questions of fact which required a hearing to resolve. Since there were adequate undisputed facts to enable the court to decide the motion and since at the time no one objected to the action of the trial judge, the defendant will not now be heard to complain that the motion was decided without a hearing.

The defendant also claims that the court abused its discretion in not decreasing the support order on the

[1] Upon, presenting the defendant's affidavits to the court, his counsel made the following request:

"Mr. McEleney: Judge, yes before you take a brief argument, Your Honor, as I indicated in my presentation, or what I thought was my opening argument, it's a complicated situation. The Court is undoubtedly going to, when looking through some of those documents and some of the things that we've said, there may be factual questions that might, or likely in my mind, factual questions that might come to the Court's mind in its deliberation. I would request that if there is any factual issue that the court has any doubt about, that the parties will come in and the parties will testify and will have testimony from the clients. As I said, a lot of times here, he can explain it better than I can. I don't want to deprive him of that opportunity. If there's any question of fact that you have, please give us an opportunity to come in and resolve it for you.

"The Court: All right."

basis of the larger income and increased assets of the plaintiff. This issue was not properly presented in the trial court. The trial court made no specific finding in this regard and no motion for articulation was made. *Caracansi* v. *Caracansi*, 4 Conn. App. 645, 648, 496 A.2d 225, cert. denied, 197 Conn. 805, 499 A.2d 56 (1985). The defendant's failure to satisfy his burden of providing this court with an adequate record limits the scope of our review to plain error. Practice Book § 3060D. Our review of the record reveals that the trial court reasonably could have concluded that the change in the plaintiff's earnings and assets was contemplated by the parties at the time of dissolution. The plaintiff's August 26, 1982 financial affidavit indicates dividends and interest income of $11.80 per week and that the plaintiff intended to seek employment. Also, although the trust fund custodial account was stated as being $56,820.97 as of April 15, 1981, plus interest accrued to the time of dissolution, and is now put at $90,000, the defendant cannot rationally claim that a decrease in the value of this account was contemplated rather than an increase. The plaintiff's affidavit submitted at the time of the dissolution hearing shows that she had an option to sell a partnership interest valued at $44,000. Her financial affidavit presented for the motion hearing did not show the partnership interest, but a promissory note to the plaintiff was listed in the amount of $26,106.12. In light of the option to sell the partnership interest disclosed in the plaintiff's August 26, 1982 financial affidavit, the defendant cannot now claim that the promissory note was not contemplated. In summary, the plaintiff's total assets at the time of dissolution were stated as $201,150 and total liabilities as $6390. The financial affidavit presented for the motion hearing showed total assets of $220,730.12 and total liabilities of $23,000. Those figures show that the plaintiff's net assets at the time of the dissolution

decree were $194,760, whereas her net assets at the time of the motion hearing were $197,730.12. There is no plain error in the trial court's finding that there had not been a substantial change in the plaintiff's finances not contemplated at the time of the dissolution decree.

Next, the defendant asserts that his bankruptcy is a crucial fact in his claim of a substantial change in circumstances. He claims that the trial court abused its discretion in failing to find his adjudication as a bankrupt a substantial change in his circumstances warranting a modification of the support order. The bankruptcy of the defendant is significant, but it is not conclusive. The bankruptcy laws are designed to improve, not worsen, a person's financial status. In this case, to grant the modification motion because of the bankruptcy adjudication, it would have been necessary for the trial judge to find that the defendant's bankruptcy adjudication caused a deterioration of his financial condition. An examination of the financial affidavits filed by the defendant shows that after bankruptcy his financial condition, in June, 1984, was substantially improved over his financial condition shown in his financial affidavit of August, 1982. At the time of dissolution, he had a net weekly loss of $1258, total assets of $280,076, total liabilities of $326,167 and total weekly expenses of $1296. His financial affidavit dated June 4, 1984, presented for consideration with his motion, shows gross wages of $480 per week, net wages of $358.74 per week, total assets of $11,650, no liabilities and total weekly expenses of $799.18. Clearly, these facts do not compel the conclusion that the denial of the motion for modification was improper because the defendant had been adjudicated a bankrupt. The trial court did not abuse its discretion in refusing to grant the defendant's motion for modification which was based on the fact that he had been adjudicated a bankrupt.

Next, the defendant claims the court erred in denying the motion for modification in part because he agreed to pay the original court award. He claims that the court should encourage parties to come to an agreement on what they feel is an appropriate order of support, but he argues that if such an agreement is considered thereafter by the court in deciding a motion for modification, such action by the court is a disincentive to make support agreements. First, a support order provided in a dissolution decree is not immune from judicial consideration in connection with a modification motion because its basis is an agreement between the parties submitted to the court for adoption. See, e.g., *Serby* v. *Serby,* 4 Conn. App. 398, 494 A.2d 617 (1985). Second, and more decisive, the motion for modification was denied because the defendant failed to prove there was a substantial change in the circumstances of either party not contemplated at the time of dissolution. The trial court did not err by considering the agreement of the parties as a factor in determining the motion for modification.

The defendant also claims that the trial court based its decision upon the defendant's potential earning capacity without the benefit of testimony as to the average salary of one with the defendant's qualifications. The issue of the defendant's potential earning capacity does not become relevant until after the court has found that there has been a sufficient change in the parties' financial condition to warrant a modification. No such finding was made. These comments were not relevant to the judgment in issue and did not affect the final result. Therefore, the claimed error, if any, is harmless.[2] See *Rodriguez* v. *New Haven,* 183 Conn. 473,

---

[2] The defendant claims that the trial court's finding concerning the earning potential of the defendant was not supported by testimony and was therefore improper. In a civil action, a finding made by the trial court as to an obvious fact will seldom be deemed reversible error, simply because no supporting evidence was presented. "[J]udges [cannot] be ignorant of that which

477–78, 439 A.2d 421 (1981); see also *Tremblay* v. *Connecticut State Employees' Retirement Commission,* 170 Conn. 410, 412–13, 365 A.2d 1125 (1976) (conclusions of the trial court reviewed only insofar as they affect the final result).

We have considered all of the defendant's remaining arguments and we hold that these arguments have no merit and do not warrant further consideration.

There is no error.

In this opinion the other judges concurred.

is common knowledge to all men." *Sherrer* v. *Sherrer,* 334 U.S. 343, 366, 68 S. Ct. 1087, 92 L. Ed 1429 (1948), as quoted in *Utica Mutual Ins. Co.* v. *Cotter,* 26 Conn. Sup. 419, 423, 226 A.2d 112 (1966).