AURORA P. SWEENY *v.* DOUGLAS M. SWEENY
(4489)

DUPONT, C. J., SPALLONE and BIELUCH, Js.

Argued November 4, 1986—decision released January 20, 1987

*Gaetano Ferro,* for the appellant (defendant).

*Lois K. Ross,* with whom was *Raymond F. Ross,* for the appellee (plaintiff).

SPALLONE, J. The defendant appeals from the post-judgment order of the trial court adjusting an award of unallocated alimony and child support and denying his motion for child support.

The parties were married on June 17, 1967, and their marriage was dissolved on May 25, 1983. The judgment of dissolution provided, in pertinent part, that the parties have joint custody of two minor children, issue of the marriage, with physical custody in the plaintiff mother, and that the defendant father pay the plaintiff $2450 per month as unallocated alimony and child support. Paragraph 3.7 of the agreement provided: "In

the event that either or both of the children are residing with the Husband, the parties agree to adjust the alimony payments to the Wife. Should the parties fail to agree, the issue of adjustment shall be submitted to the Superior Court at Stamford for determination as to the amount of the reduction of the Husband's obligation for the payment of alimony.''

The parties' daughter began living with the defendant in August, 1984, and their son commenced living with his father in March, 1985. The defendant's motion for modification of physical custody was granted by agreement and, although joint custody remained, physical custody was transferred to the defendant. Because the parties were unable to agree as to the adjustment of alimony, the task was submitted to the court for its determination pursuant to the agreement. The court adjusted the alimony, reducing the amount payable by the defendant from $2450 per month to $1250 per month. At the same time, the court denied the defendant's motion for child support. From these orders, the defendant has taken this appeal.

The defendant claims the trial court erred (1) in ordering the defendant to pay $1250 per month as alimony, (2) in failing to distinguish between alimony and unallocated alimony and child support, (3) in basing its decision upon facts not in the record, and (4) in denying the defendant's motion for child support.

The defendant's first claim is that the trial court erred in ordering him to pay alimony in the amount of $1250 per month. In determining the amount by which the unallocated alimony and child support should be adjusted because of the change in the children's residence, the court was required to interpret the separation agreement that had been incorporated into the judgment of dissolution. Where a judgment incorporates a separation agreement, the judgment and

agreement should be construed in accordance with the laws applied to any contract. See *Cogan* v. *Cogan,* 186 Conn. 592, 596, 442 A.2d 1342 (1982); *Beach* v. *Beach,* 141 Conn. 583, 588–89, 107 A.2d 629 (1954). The trial court's construction of the agreement is an issue of fact subject to review under the limited standard of whether it is clearly erroneous. *Hanson Development Co.* v. *East Great Plains Shopping Center, Inc.,* 195 Conn. 60, 65–66, 485 A.2d 1296 (1985); *Lavigne* v. *Lavigne,* 3 Conn. App. 423, 427, 488 A.2d 1290 (1985). We will not disturb the actions of the trial court unless it abused its legal discretion in making this determination. The unquestioned rule is that great weight is due the action of the trial court and every reasonable presumption should be given in favor of its correctness. *Kelepecz* v. *Kelepecz,* 187 Conn. 537, 538, 447 A.2d 8 (1982); *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 263, 413 A.2d 854 (1979).

The interpretation of the agreement is a search for the intent of the parties. *Lar-Rob Bus Corporation* v. *Fairfield,* 170 Conn. 397, 406–407, 365 A.2d 1086 (1976); *Downs* v. *National Casualty Co.,* 146 Conn. 490, 494, 152 A.2d 316 (1959); *Bridge-Mile Shoe Corporation* v. *Liggett Drug Co.,* 142 Conn. 313, 318, 113 A.2d 863 (1955). This intent must be determined from the language of the instrument and not from any intention either of the parties may have secretly entertained. *Sturman* v. *Socha,* 191 Conn. 1, 10, 463 A.2d 527 (1983); *McDonnell* v. *McDonnell,* 166 Conn. 146, 150, 348 A.2d 575 (1974); *Klein* v. *Klein,* 3 Conn. App. 421, 423, 488 A.2d 1288 (1985); B. Holden & J. Daly, Connecticut Evidence (1966 and Sup. 1983) § 83 (b). The court must consider the agreement as a whole and give efficacy to each part where appropriate. *Sturtevant* v. *Sturtevant,* 146 Conn. 644, 648, 153 A.2d 828 (1959); *Baydrop* v. *Second National Bank,* 120 Conn. 322, 327, 180 A. 469 (1935). Intention is an inference of fact and

the trial court's conclusion is not reviewable unless it is one which the trier could not reasonably make. *Heyman* v. *CBS, Inc.,* 178 Conn. 215, 228, 423 A.2d 887 (1979); *Hydro-Hercules Corporation* v. *Gary Excavating, Inc.,* 166 Conn. 647, 652–53, 353 A.2d 714 (1974).

Viewed against these principles, the action of the trial court in adjusting the unallocated alimony and support order of $2450 per month to $1250 per month alimony is fully supportable under the facts and circumstances of this case. The trial court rejected the defendant's argument, which he has renewed on appeal, that "adjustment" in paragraph 3.7 of the separation agreement "means that the court should conduct a full-scale review of the parties' current financial situation and employ all the criteria of General Statutes § 46b-82 to, in effect, reset alimony." The court observed that the defendant himself had failed to proffer all the evidence necessary to apply the full statutory criteria.[1] The court further found that the term "adjustment" in paragraph 3.7 of the agreement required only that the court "determine as best as possible the financial impact arising from the relocation of the children to their father and reduce his payments to the plaintiff accordingly." We do not find this interpretation of the agreement to be clearly erroneous. While the court is directed to apply the criteria of General Statutes § 46b-82 at the time of the original decree or when modifying the decree because of a change of circumstances of the par-

[1] General Statutes § 46b-82 provides in pertinent part: "[T]he court . . . shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

ties not contemplated when the marriage was dissolved; General Statutes § 46b-86; *Johnson* v. *Johnson,* 185 Conn. 573, 575–76, 441 A.2d 578 (1981); neither of these considerations were presented here. The parties here clearly foresaw the possibility of their children moving in with their father and made a provision for this contingency in their separation agreement. The change of circumstances in this case was, therefore, not the unforeseen change of circumstances to which the statutory criteria would necessarily apply. *Connolly* v. *Connolly,* 191 Conn. 468, 473, 464 A.2d 837 (1983); *Jannetty* v. *Jannetty,* 2 Conn. App. 160, 162, 476 A.2d 636 (1984). The court, therefore, did not err by failing to apply the criteria in § 46b-82 when adjusting the plaintiff's alimony payment under the parties' agreement.

The defendant also contends that the court erred in awarding the plaintiff a greater amount of alimony than she had requested and in excess of her stated needs. An analysis of the agreement discloses that the court was well within the bounds of its discretion in adjusting the alimony to $1250. As the trial court observed, the parties themselves indicated in their agreement what they thought the financial impact would be when the children were no longer minors and only alimony was payable. The parties in paragraphs 3.4 and 3.5 provided that, upon both children attaining their majority, the monthly payments would be decreased by $1450 to $1000, thereby seeming to allot $1000 out of the $2450 order as alimony. Then, in paragraph 3.6, the parties agreed that upon the plaintiff's remarriage, alimony would cease and child support would continue in the amount of $1000 during the children's minority, thus apparently allotting $1450 as alimony. The trial court adjusted the alimony payments to $1250 per month, which was within the limits set forth in these

provisions. In light of the intent of the parties as expressed in these provisions, we cannot say that this adjustment was excessive.

We find no merit to the defendant's second claim of error that the trial court failed to distinguish between alimony and unallocated alimony and child support in paragraph 3.7 of the separation agreement. The trial court found that "alimony" in paragraph 3.7 referred to unallocated alimony and support rather than to alimony alone. While the defendant disputes this interpretation, we note that the agreement itself fails to make any sharp distinction between alimony and unallocated alimony and child support, apparently on income tax grounds.[2] Given the lack of a clear differentiation between alimony and child support in the agreement and the fact that paragraph 3.7 refers to matters relating to child support, we do not find that the trial court's construction of paragraph 3.7 is clearly erroneous.

The defendant's third claim of error, that the court's decision was based on facts not supported by the record, is without merit. A review of the record establishes that the court had before it testimony and exhibits that provided ample support for its factual conclusions. We cannot say, based on the record in this case, that the

---

[2] Paragraph 3.10 of the separation agreement provides: "The Wife has been advised and acknowledges that all of the payments provided under Paragraphs 3.1, 3.2, 3.3, 3.4 and 3.5 above are alimony and support being paid to her for her support and maintenance and are separate maintenance periodic payments included and intended to be included within the income of the Wife within the meaning and intent of the United States Internal Revenue Code of 1954 as amended, and are deductible from the Husband's gross income pursuant to the provisions of the United States Internal Revenue Code of 1954, as amended. The Wife agrees that all said payments shall be included as income of the Wife in her Federal, state and/or local income tax returns and that she shall pay such taxes as may be required of such inclusion."

factual determinations of the trial court were clearly erroneous, unsupported by the record, incorrect or otherwise mistaken. See *Anderson* v. *Anderson,* 191 Conn. 46, 57, 463 A.2d 578 (1983); *Trivelli* v. *Trivelli,* 5 Conn. App. 488, 490, 500 A.2d 244 (1985); *Solo* v. *Solo,* 2 Conn. App. 290, 293–94, 478 A.2d 255 (1984).

Finally, the defendant claims as error the trial court's denial of his motion for child support. It is firmly established that in order to modify any financial order of the court in a family relations case "[t]he party seeking modification must 'clearly and definitely' demonstrate a substantial change in circumstances which was uncontemplated at the time the order was entered." *Rempt* v. *Rempt,* 5 Conn. App. 85, 88–89, 496 A.2d 988 (1985). The defendant's motion was properly denied in this case because the change in circumstance here was expressly contemplated and the parties actually contracted between themselves as to how the specific contingency should be addressed, i.e., by an adjustment of the alimony payment in the event the children lived with the defendant. In view of the fact that the court ordered the monthly payments reduced by $1200, after considering all the facts and circumstances in this case, we cannot say that the trial court abused its discretion in denying the defendant's motion for child support.

There is no error.

In this opinion the other judges concurred.