[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION
Plaintiff James G. Tyler seeks a modification of the provision of the divorce decree which requires him to pay $275.00 per week as unallocated alimony and support. After considering the evidence presented by the parties including their financial affidavits, the court concludes that the payment should be reduced to $185.00 per week.
At the time the divorce decree was entered in August of 1992, the parties submitted financial affidavits to the court. The plaintiff recorded on his affidavit a gross weekly wage of $708.40 and a gross weekly overtime wage of $176.00. Thus, his total gross weekly wage was $884.40. After payroll deductions, his net weekly income was $537.41. Included in his payroll deductions was a $170.00 loan payment to a credit union.
At the present time, the plaintiff's gross weekly wage is $811.98. His gross weekly overtime is $32.00. Thus, his total gross weekly income is $843.98. After payroll deductions, his weekly income is $207.00. Included in his payroll deductions are a $170.00 loan payment and a $275.00 payment for unallocated alimony and support. Loan and support obligations are traditionally reported in part two of the financial affidavit under expenses.
If the loan and support obligations are placed in part two of the affidavits, a comparison of past and present income can easily be made. At the time of the divorce, the plaintiff's net income was actually $707.41. Today, it is $652.00. The decrease is CT Page 5615 mostly attributable to a loss of overtime. The plaintiff's base weekly wage has increased by $103.58. His overtime has decreased by $144.00. The loss of overtime has been beyond the plaintiff's control. The loss is due to management policies of the plaintiff's employer.
The defendant's reported income has risen from $100.00 per week to $127.50. On occasion, the defendant makes more money by performing odd jobs.
The plaintiff's expenses in 1992, as shown on the financial affidavit, were $1,006.94. Presently, he is obligated under the divorce decree to pay $242.92 a week to maintain the house in which the defendant resides. The expenses for his new household are $927.13 a week. His present wife pays these expenses.
The defendant's expenses at the time of the divorce were $796.50 per week. Her present expenses, as recorded on her financial affidavit, are $569.00 per week.
"The ground rules governing modification of periodic alimony are established by General Statutes § 46b-86(a) and by our case law. `A party seeking modification must show `a substantial change in the circumstances of either party, occurring subsequent to the entry of the original decree, . . .'' McCann v. McCann, 191 Conn. 447,450-51, 464 A.2d 825 (1993). A broad range of circumstances is relevant in deciding whether a decree may be modified.Benson v. Benson, 187 Conn. 380, 382, 446 A.2d 796 (1982). The party seeking modification of a support order must `clearly and definitely' demonstrate the substantial change. Kelepecz v.Kelepecz, 187 Conn. 537, 538, 447 A.2d 8 (1982). A substantial change in circumstances demonstrates that continued operation of the original order would be unfair and improper. Noce v. Noce,181 Conn. 145, 149, 434 A.2d 345 (1980)." Wingerd v. Wingerd,3 Conn. App. 261, 162 (1985).
The plaintiff has established a substantial change of circumstances. Under the facts of this case, the decrease in his income is substantial. He is now obligated to pay 80% of his net income toward alimony, support, and the defendant's living expenses. He is left with only $134.00 per week to provide for his own support.
The unallocated alimony and support is reduced to $185.00 per week. The provision of the decree relating to the plaintiff's CT Page 5616 paying the housing costs of the defendant is not modified.
THIM, JUDGE