[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Defendant Louella Perrotti appears before this court seeking a ruling finding plaintiff Frank Perrotti Jr. in Contempt of Court for failing to adhere to a term of their divorce judgment which requires him to provide CT Page 14008 to her a new automobile. Plaintiff Frank Perrotti, Jr. maintains that he has satisfied that term of the judgment. Further facts set out in this memorandum detail the specifics of the parties' controversy.
Frank Perrotti Jr. (plaintiff) and Louella Gamardella (defendant) married on November 25, 1961, in New Haven, Connecticut. After several years, the marriage broke down irretrievably, and was dissolved on July 21, 1989. The plaintiff and the defendant filed a five page written stipulation (Agreement) that was accepted by the court and incorporated into the judgment of dissolution. Paragraph 10 of the Agreement states:
 On December 1, 1991, or at any time thereafter when the Wife no longer desires to use the Mercedes 300 Sedan, the husband shall arrange to provide the Wife with a new automobile for her use either a top-of-the-line Oldsmobile, Buick, or Chrysler, of her choosing which she shall be allowed to use for the ensuing three years. The Husband shall arrange for frill insurance on said automobile at no expense to the Wife. On December 1 every three years thereafter the Husband shall arrange to provide the Wife with a new automobile, for her use either a top-of-the-line Oldsmobile, Buick, or Chrysler, of her choosing which she shall be allowed to use for the ensuing three years. The Husband shall arrange for full insurance on each automobile at no expense to the wife. (Emphasis added.)
On August 1, 2000, defendant Louella Perrotti filed a motion of Contempt against the plaintiff. The defendant alleges that the plaintiff has failed to provide her with a new automobile, as required by Paragraph 10 of the Agreement. In a letter to the defendant's lawyer, the plaintiff indicated that he would purchase a new automobile for the defendant, but would not pay for the registration or any applicable taxes or fees. Plaintiff stated that it would be the responsibility of the defendant to register the new automobile and pay the sales taxes. The defendant disagrees with the plaintiffs interpretation of Paragraph 10 of the Agreement. The defendant interprets Paragraph 10 of the Agreement to mean that the plaintiff is required to pay the registration fees and taxes associated with the purchase of a new automobile. Both parties agree that when a new automobile is provided for the defendant's use, the previous automobile will be returned to the plaintiff.
Connecticut law permits the court to accept an agreement between divorcing parties.
CT Page 14009 [W]here the parties have submitted to the court an agreement . . . concerning alimony or the disposition of property, the court shall inquire into the financial resources . . . in order to determine whether the agreement of the spouses is fair and equitable under all the circumstances. If the court finds the agreement fair and equitable, it shall become part of the court file, and if the agreement is in writing, it shall become incorporated by reference into the order or decree of the court.
Conn. Gen. Stat. § 46b-66 (1999).
The Connecticut Supreme Court in Barnard v. Barnard, 214 Conn. 99
(1990), noted that "[a] judgment rendered in accordance with such a stipulation of the parties is to be regarded and construed as a contract." Id. at 109. Therefore, Connecticut law requires courts to treat divorce agreements, accepted by the court, as contracts. To interpret this contract, the court must look at the intent of the parties through the words used in the agreement, and must give the words their "usual" meaning. Sweeny v. Sweeny, 9 Conn. App. 498, 501 (1987). "This intent must be determined from the language of the instrument and not from any intention either of the parties may have secretly entertained."Id.The parties' intent is based on the words used in the writing of the contract.
 Intent . . . is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract . . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms.
 Issler v. Issler, 250 Conn. 226, 235 (1999)
In Levine v. Advest, Inc., 244 Conn. 732 (1998) the Connecticut Supreme Court pointed out that the language is not ambiguous when there is a "definite and precise meaning concerning which there is no reasonable basis for a difference of opinion. Id. at 746 (quoting Breed v. Ins.Co. of North America, 46 N.Y.2d 351, 355 (1978). Additionally, this Court must adhere to the principle to ". . . not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity." Levinev. Massey, 232 Conn. 272, 279 (1995) (internal citation omitted). CT Page 14010
The Court finds that resolution of the parties' controversy centers upon the interpretation and effect of the key word "use" in that part of the agreement which states that "the Husband shall provide the Wife with a new automobile, for her use . . . "[1] This Court finds that there is no reasonable basis for disagreement on the word "use" with respect to an automobile; and that the common or ordinary meaning is to legally operate the automobile on the highways to travel from one place to another. Thus, this Court finds that the contract is not ambiguous, as the court defined in Levine v. Advest, Inc., 244 Conn. at 746, and that there is no reason to stretch the definition of the word "use" when it is reasonably clear that the parties intended that the defendant would operate the automobile upon the highway.
The Court finds that there are two conditions precedent to the provision of the use of the new automobile to defendant Louella Perrotti, to wit: 1) acquisition of the automobile; and 2) payment of its registration fee. With respect to the first condition precedent, acquisition of the new automobile presupposes the payment of the sales tax. As the purchaser or the one acquiring the new automobile, plaintiff Frank Perrotti is obligated by statute to pay the tax thereon." Connecticut General Statutes Sec. 12-408 (1) states in part that ". . . a tax is hereby imposed on all retailers at the rate of six per cent of the gross receipts of any retailer from the sale of all tangible personal property . . . ." An automobile is clearly tangible personal property, and thus falls within the statute. The retailer collects this tax from the consumer. Conn. Gen. Stat. § 12-408 (2). Thus, when plaintiff as the consumer purchases or acquires the automobile, it is his legal obligation to pay the sales tax thereon.
The second condition precedent to the use of an automobile is its registration with the Commissioner of the Connecticut Department of Motor Vehicles, which includes the payment of the registration fee. Connecticut General Statutes Sec. 14-12 (a) states in material part that "[no] motorvehicle shall be operated or towed on any highway . . . unless it is registered with the commissioner . . . ." (Emphasis added.) Furthermore, Connecticut General Statute Sec. 14-12 (c) states in part that" [a] person purchasing a motor vehicle . . . from a dealer . . . and registering the motor vehicle . . . shall file an application with the dealer and pay, to the dealer, a [registration] fee in accordance with the provisions of subsection (a) and (b) of § 14-49".
Inasmuch as Frank Perrotti cannot tender a new automobile to Louella Perrotti unless he acquires it (through, for example, purchase), and a condition precedent to acquisition is payment of the sales tax, clearly it is he who must pay the sales tax. Furthermore, inasmuch as a condition precedent to Louella Perrotti's use of the new automobile (i.e. operation CT Page 14011 upon the roadways) is the payment of the registration fee, he can not satisfy the term of ". . . provid[ing] . . . a new automobile, for her use, without satisfying the condition precedent of paying this fee.
Upon the foregoing facts and authorities, the Court hereby issues the following.
 FINDINGS AND ORDERS REGARDING DEFENDANT'S MOTION FOR CONTEMPT:
1] The Court finds that plaintiff Frank Perrotti, Jr. is not in contempt for the reason that his non-payment of the sales tax and registration fees for the new automobile was based upon a good faith dispute;
2] The Court orders that plaintiff Frank Perrotti, Jr. immediately tender to defendant Louella Perrotti a new automobile as called for in the judgment, and that he pay the taxes, registration and any other fees related thereto;
3] The Court declines any invitation to award counsel fees or costs.