[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de MOTION FOR MODIFICATION OF CHILD SUPPORT (246)
The defendant mother seeks to increase the child support orders entered pursuant to a stipulation of the parties dated January 12, 1998 which was approved and ordered on said day. The stipulation provided that physical custody of their son Robert be transferred to the father and for termination of child support previously paid for Robert by his father. Payment for private schooling for their children for future school years was deleted from the support obligation of both parents. It also provided CT Page 2122 that all other provisions of their Stipulation dated November 1, 1995 which was incorporated in the dissolution judgment entered on that day remain in full force and effect. The original child support mosaic was modified by the 1998 orders and the circumstances existing when the modified mosaic was approved must be contrasted with the current circumstances.
The motion is dated September 25, 1998, was partially heard in 1999 resulting in a mistrial being declared, and has now been heard in the hearing just completed.
The party moving for modification of child support must demonstrate that a change in circumstances has occurred since the entry of the current orders. Increases in the children's expenses can furnish the basis for a finding that there has been a change in circumstances, Kelepecz v. Kelepecz, 187 Conn. 537, 538 (1982). When the current order was entered the court had the plaintiff's financial affidavit dated November 18, 1997 before it on which the plaintiff had listed total monthly net income of $40,759.66. The plaintiff's current financial affidavit dated January 29, 2001 lists total monthly net income of $36,664. The Connecticut Child Support and Arrearage Guidelines, effective August 1, 1999 provide that child support awards shall be determined on a case-by-case basis when the parties' combined net weekly income level exceeds $2500 with the provision that the prescribed child support for that level shall be the minimum presumptive amount. The defendant's current financial affidavit dated January 16, 2001 lists total net monthly income of $4786 without including $5000 monthly child support. The defendant testified in support of her current motion that she had earned $18,000 in 1997 and $2000 in the 1998. This court does not find an affidavit in the file for her that was current when the present orders were entered.
The present child support order provides that commencing on November 1, 2000 and continuing until August 31, 2006 the plaintiff shall pay to the defendant $1666.67 per child as child support for each child in her care and physical custody as originally established in the parties' separation agreement and as affirmed as part of the first modification. The presumptive minimum for three children is $684 weekly or $2941 monthly. Although a split custody situation exists it is not necessary to apply the formula found in Section 46b-215a-2a-(d) since the guidelines do not apply to the present case, Battersby v. Battersby, 218 Conn. 467, 470
(1991). The defendant has listed children's expenses, excluding tuition, of approximately $2000 monthly and the court cannot find that there are any unmet child needs that are not being covered by the current monthly child support payments. The defendant has not demonstrated a substantial CT Page 2123 change in circumstances of either party that would warrant an upward revision of the current child support order nor has she demonstrated a substantial change in the needs of the children or that they have expenses that cannot be met by utilizing the child support payments presently being made
The defendant's motion is denied.
HARRIGAN, J.T.R.