[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
A dissolution of marriage of the parties was entered in this matter on February 9, 2001. The orders included the defendant husband to pay to the plaintiff wife, child support in the amount of $672 per month for the support of one minor child. The judgment also included a stipulated amount as to the earning capacity for the defendant husband "in the approximate sum of $33,000 per year". The parties were both represented by counsel at the time of the dissolution, and executed an agreement, Stipulation Re: Dissolution of Marriage, dated February 9, 2001.
The parties each submitted a financial affidavit at the time of dissolution. The plaintiff wife indicated a net income of $752 and the defendant husband indicated a net income of $493. The child support guidelines were calculated with said figures, and a current child support obligation of $95 per week was determined. The parties agreed to an unreimbursed medical order of $3, and a childcare contribution of $57 per week for a total weekly child support obligation of $155. The parties then agreed to have the amount payable on the first of each month by way of a monthly obligation of $672.
The defendant through counsel filed a Modification of Child Support Post Judgment dated February 8, 2002. The motion claims that there has been a substantial change in circumstances in that the defendant did not earn $33,000 per year, and his earning capacity is not $33,000 per year, CT Page 7039 as stated and agreed to in the divorce approximately one year earlier.
It is extremely noteworthy that included in the Stipulated Agreement, Paragraph four states, in part: ". . . . . . in exchange for the quitclaim deed . . . wife shall pay to the husband the sum of $20,000 no later that three months from the date of the decree. . . ." Counsel for the plaintiff informed the court that $17,000 of the $20,000 was paid over to the defendant, the remaining balance has not been paid as the defendant became delinquent on his child support. The defendant argued, through his attorney, that he did not have an earning capacity of $33,000 at the time he executed the agreement. The defendant testified that the business did not produce a gross income of $33,000 for him, as an owner, and that the business had many operating expenses and certain overhead that was not included on his financial affidavit. The defendant testified that his business fell into financial hardship around November, 2001, when he filed for Bankruptcy (although there was no evidence provided of any such filing nor was there any mention as to which chapter he filed). And, that his company ultimately went completely out of business sometime around December, 2001.
This court does not have the authority to sit as an Appellate Court for purposes of reviewing the previous findings of the superior court judges. The evidence presented and the testimony taken at the time the divorce judgment was entered shall not be disturbed. The issues to be considered are whether the defendant's earning capacity has substantially changed since those previous findings were made, and whether the defendant is entitled to a reduction in his child support obligation based upon any statutory criteria.
General Statutes 46b-86 (a) provides in pertinent part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support . . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. There shall be a rebuttable presumption that any deviation of less than fifteen per cent from the child support guidelines is not substantial and any deviation of fifteen per cent or more from the guidelines is substantial. . . ."
"The burden of proof is on the party seeking the modification."Connolly v. Connolly, 191 Conn. 468, 474, 464 A.2d 837 (1983); Kaplan v.Kaplan, 185 Conn. 42, 46, 440 A.2d 252 (1981); Richard v. Richard, CT Page 704023 Conn. App. 58, 62, 579 A.2d 110 (1990). "When presented with a motion for modification, a court must first determine whether there has been a substantial change in the financial circumstances of one or both of the parties." Morris v. Morris, Superior Court, judicial district of New Haven, Docket No. FA 96 0389510 (December 3, 2001, Domnarski, J.), citingCrowley v. Crowley, 46 Conn. App. 87, 92 (1997). "A final order for child support may be modified by the trial court upon a showing of a substantial change in the circumstances of either party. . . . The party seeking modification bears the burden of showing the existence of a substantial change in the circumstances." (Internal quotation marks omitted.) Prial v. Prial, 67 Conn. App. 7, 11, 787 A.2d 50 (2001). "That party must demonstrate that continued operation of the original order would be unfair or improper." (Citation omitted; internal quotation marks omitted.) Richard v. Richard, supra, 62. Although an obligor's adjudication as bankrupt after the dissolution is considered in determining whether there has been a substantial change in circumstances, "it is not conclusive. The bankruptcy laws are designed to improve, not worsen, a person's financial status. . . . ." Ribner v.Ribner, 6 Conn. App. 98, 104, 503 A.2d 612 (1986). A parent's earning capacity is specifically included in the guidelines. General Statutes § 46b-84 (d) provides: "In determining whether a child is in need of maintenance and, if in need, the respective abilities of the parents to provide such maintenance and the amount thereof, the court shall consider the age, health, station, occupation, earning capacity, amount and sources of income, estate, vocational skills and employability of each of the parents, and the age, health, station, occupation, educational status and expectation, amount and sources of income, vocational skills, employability, estate and needs of the child." "It is well established that a court may consider a party's earning capacity rather than actual income. Johnson v. Johnson, 185 Conn. 573, 576, 441 A.2d 578 (1981);Miller v. Miller, 181 Conn. 610, 611, 436 A.2d 279 (1980); Siracuse v.Siracuse, 30 Conn. App. 560, 566 A.2d 309 (1993).
After carefully considering the totality of the evidence presented, and the credibility of the defendant, the court finds that the moving party has failed to meet his burden of proof as required by law. Although there was some testimony of changes of fact presented by the moving party (i.e. bankruptcy, failed business), the court finds he failed to meet his burden of proof in providing evidence or testimony of a substantial change in his earning capacity or ability to earn. Absent any new evidence, this court must rely on the earning capacity the parties stipulated to a little over one year ago in their Stipulation Agreement dated February 9, 2001. As such, the court denies the defendant's motion for modification. The court does not find that the defendant is entitled to a modification based on any statutory criteria set forth in General Statutes 46b-86 (a), as there has been no evidence, or any new evidence, CT Page 7041 of a changed earning capacity.
BY THE COURT
SUSAN D. BARAN Family Support Magistrate