## RICHARD M. GIBBONS *v.* SUZANNE E. GIBBONS
## (AC 33300)

DiPentima, C. J., and Robinson and Peters, Js.

Submitted on briefs September 13—officially released October 30, 2012

*Nicholas Adamucci* filed a brief for the appellant (plaintiff).

*James H. Lee* and *Nancy Aldrich* filed a brief for the appellee (defendant).

### Opinion

DiPENTIMA, C. J. The plaintiff, Richard M. Gibbons, appeals from the judgment of the trial court ordering him to pay the defendant, Suzanne E. Gibbons, child support. On appeal, the plaintiff claims that the court abused its discretion in ordering (1) the plaintiff to pay child support when there was no evidence that the minor children were in need of maintenance and (2) a

modification to the parenting agreement without proof of a substantial change in the defendant's circumstances. We are not persuaded by the plaintiff's claims and, therefore, affirm the judgment of the trial court.

The following facts and procedural history, as set forth in the court's memorandum of decision and supported by the record, are relevant to the resolution of this appeal. The plaintiff and the defendant were divorced on March 29, 2010. They have two minor children who, at the time of the dissolution, were sixteen and nine years old, respectively.[1] Following the dissolution, the plaintiff maintained an office and shared occupancy with the defendant in the marital residence in Westport; the plaintiff and the defendant each also maintained separate residences. The children reside primarily with the defendant at the marital home in Westport.

In the judgment of dissolution, the court incorporated by reference the terms of a written agreement (separation agreement) between the parties dated March 29, 2010. The separation agreement incorporated the parenting plan signed on March 12, 2010 (plan), and stated that the plaintiff and defendant shall have joint custody of the minor children and that, "[b]ecause of shared custody, there shall be no child support . . . ." The plan specified that the defendant would, in "Week One," have the minor children from "Saturday at noon until Tuesday return to school," and the plaintiff "shall have parenting time Tuesday after school until Saturday at noon." In "Week Two," the plan stated that the defendant "shall have parenting time with the minor children from Friday after school and return to school Tuesday

[1] The court appointed attorney Janis M. Laliberte of Sullivan & Laliberte, LLC, as guardian ad litem on August 13, 2009. Further, attorney Margarita Hartley Moore filed an appearance as the attorney for the minor children on May 29, 2012. After consultation with Laliberte, Moore filed a letter stating that she adopted the defendant's brief in this appeal.

morning," and that the plaintiff "shall have parenting time with the minor children Tuesday after school until Friday return to school." The plan stated that "[t]he weeks [one] or [two] shall alternate thereafter."

Soon after the dissolution, the plaintiff moved to Chicago, Illinois, for employment purposes.[2] For the period between the dissolution and August 25, 2010, the plaintiff and the defendant shared joint custody of their children according to the schedule in the plan. The plaintiff's travel, however, limited the amount of time he was able to spend with the minor children, despite the fact that he commuted to the marital home in Westport on a "frequent basis." On August 25, 2010, the plaintiff and the defendant filed a new agreement (August, 2010 agreement) altering the terms of custody of their children. Instead of the weekly time the plaintiff spent with the minor children in the original plan, the August, 2010 agreement stated that the plaintiff would have parenting time only every other weekend. The August, 2010 agreement provided for the plaintiff to have additional parenting time "as agreed to by the parties with 48 hours advance notice."

On August 27, 2010, the defendant filed a "motion for order re: child support order, postjudgment," requesting an order of child support following the change in the plaintiff's custodial status. The plaintiff objected to the motion, arguing that he intended to "visit with the minor children for the same amount of time he has been visiting with the children [prior to the August, 2010 agreement]." The court addressed the motion for child support in its January 18, 2011 memorandum of decision, where it ordered the plaintiff to "pay [the] defendant the amount of $273.00 per week retroactive to

---

[2] The plaintiff indicated in his October 4, 2010 testimony that he "partially" moved to Chicago on April 1, 2010.

August 25, 2010."[3] On February 3, 2011, the plaintiff filed a motion to reargue because "the [c]ourt discredited [the] [p]laintiff's testimony that he spent more than eight days per month with his children." The motion was denied, and this appeal followed.

Before we address the plaintiff's specific claims, we set forth our standard of review. "An appellate court will not disturb a trial court's orders [financial or otherwise] in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action." (Internal quotation marks omitted.) *Dombrowski* v. *Noyes-Dombrowski*, 273 Conn. 127, 132, 869 A.2d 164 (2005).

I

The plaintiff first claims that the court abused its discretion in its postjudgment award of child support to the defendant. The plaintiff specifically argues that the defendant did not provide evidence that the two minor children were in need of maintenance outside of the care and expenses addressed in the separation agreement. The plaintiff contends that, in the absence of such a showing, the court should not have awarded child support. We disagree.

General Statutes § 46b-84, on which the plaintiff bases his argument, provides in relevant part: "(a) Upon or subsequent to the annulment or dissolution of any marriage or the entry of a decree of legal separation or divorce, the parents of a minor child of the marriage, shall maintain the child according to their respective

_____
[3] The court also made findings related to the defendant's motion for contempt regarding the purchase price of and payments related to the marital home. These findings are not relevant to this appeal.

abilities, if the child is in need of maintenance. . . ." Further, "[i]n determining whether a child is in need of maintenance and, if in need, the respective abilities of the parents to provide such maintenance and the amount thereof, the court shall consider the age, health, station, occupation, earning capacity, amount and sources of income, estate, vocational skills and employability of each of the parents, and the age, health, station, occupation, educational status and expectation, amount and sources of income, vocational skills, employability, estate and needs of the child." General Statutes § 46b-84 (d). Finally, "[a]fter the granting of a decree annulling or dissolving the marriage or ordering a legal separation, and upon complaint or motion with order and summons made to the Superior Court by either parent . . . the court shall inquire into the child's need of maintenance and the respective abilities of the parents to supply maintenance. The court shall make and enforce the decree for the maintenance of the child as it considers just . . . ." General Statutes § 46b-84 (f) (1).

Although the separation agreement did not provide that either party pay child support, article V of the separation agreement provides that "[i]n the event there are any *custodial changes* or a substantial change in income, then child support shall be paid until the children attain the age of eighteen (18) years or in the event the last child has not graduated from high school as of his [eighteenth] birthday, child support shall continue until the last child graduates from high school and attains the age of [nineteen] years, whichever first occurs." (Emphasis added.) The plaintiff argues that the court abused its discretion in crediting the defendant's testimony that the plaintiff's time with the minor children was not equal to her own and that she incurred expenses for the minor children to which he did not

contribute, over his own testimony that he spent a considerable amount of time with the minor children and provided for them as much as they needed. He argues that the minor children were never denied "clothing, lodging, food and medical attendance" while in either his or the defendant's custody.

It is the trial court's role to weigh each party's testimony. "[T]he trial court has the unique opportunity to view the parties and their testimony, and is therefore in the best position to assess all of the circumstances surrounding a dissolution action, including such factors as the demeanor and the attitude of the parties." (Internal quotation marks omitted.) *Dombrowski* v. *Noyes-Dombrowski*, supra, 273 Conn. 132. It is not the role of this court to usurp that position.

The plaintiff relies on two cases to support his argument. See *Brown* v. *Brown*, 190 Conn. 345, 460 A.2d 1287 (1983); *Whitney* v. *Whitney*, 171 Conn. 23, 368 A.2d 96 (1976). This reliance is misplaced. The plaintiff argues that the court erroneously determined that the minor children had a need for maintenance. *Whitney* and *Brown* do not discuss *whether* a minor child needs maintenance, but, rather, address the proportionality of child support to a party's ability to pay *after* a need has been established.

The plaintiff is correct that a court must determine whether a minor child is in need before it orders child support, but "[t]he 'needs of the child' is a very broad concept which may have some flexibility of meaning depending upon the particular case. . . . '[N]eeds' may . . . include various extras or luxuries depending upon the financial circumstances of the parents, and the lifestyle which had been established." A. Rutkin et al., 8 Connecticut Practice Series: Family Law and Practice with Forms (2010) § 38:13, p. 302. The language of § 46b-84 requires only that the court consider the factors set

out in § 46b-84 (d)[4] in its determination of need. The record reflects that the court did so. On October 4, 2010, and October 13, 2010, the court conducted hearings regarding expenses incurred by both parties for the minor children. Both parties submitted financial affidavits detailing their current and expected expenditures. Further, on the basis of the testimony at those hearings and the record, the court found that the plaintiff's lack of response and untimely responses to the defendant forced the defendant to make expenditures for the minor children "out of necessity." Thus, the court complied with § 46b-84 (d), which provides that the court shall consider factors relating to the parents' as well as the children's financial situations.[5] Because the court made its findings on the basis of its consideration of the factors set out in § 46b-84 (d), we conclude that it did not abuse its discretion in awarding child support.

## II

We next turn to the plaintiff's claim that the court abused its discretion in modifying the order for child support. Specifically, the plaintiff argues that in order for a court to modify an order for child support, there must be a "substantial change of circumstances *uncontemplated* at the time the original order was entered." (Emphasis added.) We disagree.

The plaintiff misstates the current law on the modification of custody orders. He relies on law requiring a substantial change uncontemplated at the time of the

---

[4] We note a scrivener's error in the plaintiff's brief. The plaintiff cites to § 46b-84 (c) when describing the factors for a court's determination of a minor child's need for maintenance. Section 46b-84 (c) relates to the court's order of support for a child with mental retardation or a mental or physical disability. The factors for a court's determination of a minor child's need for maintenance are found in § 46b-84 (d).

[5] For example, the court distinguished between expenses for baby-sitting and other "child related expenses." The court determined that $6000 in baby-sitting fees was not supported by the separation agreement.

dissolution judgment. In so relying, the plaintiff claims that the defendant did not demonstrate "a substantial change in circumstances that were *not contemplated at the time the order was entered* back in March, 2010." (Emphasis added.) General Statutes (Rev. to 1987) § 46b-86 (a) in its current form, however, does not support this contention. It provides in relevant part that "[a]fter the date of judgment, modification of any child support order issued before, on or after July 1, 1990, may be made upon a showing of such substantial change of circumstances, *whether or not* such change of circumstances was contemplated at the time of dissolution. . . ." (Emphasis added.) General Statutes § 46b-86 (a).

The plaintiff erroneously relies on *Kelepecz* v. *Kelepecz*, 187 Conn. 537, 447 A.2d 8 (1982). *Kelepecz* employs § 46b-86 (a) as it was decided in 1982. See id., 538. However, *Kelepecz* was superseded by statute in 1987, when "Public Acts 1987, No. 87-104, eliminated the requirement in § 46b-86 that modification of alimony or support be based on uncontemplated changes of circumstances." *Berry* v. *Berry*, 88 Conn. App. 674, 678, 870 A.2d 1161 (2005). Pursuant to the current language of § 46b-86 (a), and contrary to the statutory language applicable in *Kelepecz*, it was within the court's discretion to modify its order of child support once it found that the plaintiff only had parenting time with the minor children every other weekend and not weekly, as was originally set forth at the time of the dissolution judgment. Thus, whether the change in the plaintiff's parenting time was contemplated at the time of the dissolution judgment is irrelevant. It was within the court's discretion to modify the order for support and require the plaintiff to pay child support in the amount of $273 per week.

The judgment is affirmed.

In this opinion the other judges concurred.