FRANK J. PRIAL III *v.* SUSAN PRIAL
(AC 20709)

Lavery, C. J., and Schaller and Dranginis, Js.

Argued June 12—officially released November 20, 2001

*John Wayne Fox*, with whom, on the brief, was *Patricia M. Gaug*, for the appellant (defendant).

*Catherine P. Whelan*, for the appellee (plaintiff).

*Opinion*

DRANGINIS, J. The defendant, Susan Prial, appeals from the trial court's judgment granting the postjudgment motion for modification of alimony and child support filed by the plaintiff, Frank J. Prial III. On appeal, the defendant claims that the court improperly (1) considered factors other than the relocation of one of the children from the defendant's home to the plaintiff's home, including a change in the plaintiff's income, as a substantial change in circumstances to support a reduction in child support and alimony, (2) applied an incorrect legal standard, relying on the Uniform Child Support Guidelines, in computing child support and (3) failed to find the plaintiff in contempt for his failure to pay the order of child support and alimony. We reverse the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. A judgment of dissolution was rendered on May 14, 1999, pursuant to a separation agreement between the parties, which agreement was incorporated in the judgment in its

entirety. At the time of the dissolution, the plaintiff filed a financial affidavit in which he stated that he had no income. At the same time, he agreed to pay $2350 per month in alimony and $2350 per month in child support, for a total of $4700. The alimony was time limited for six years, but was modifiable in amount during the period. The parties further agreed to "revisit" the order of child support and alimony in six months or when the plaintiff obtained full-time employment. The defendant retained her right to argue that the plaintiff was not utilizing his full earning capacity.

Five months later, the plaintiff filed a motion to modify, claiming that one of the minor children had relocated to his home, and "therefore, there has been a substantial change in circumstances." He further claimed that he had found employment at Stratton Mountain[1] in Vermont, and had "incurred a substantial change in financial circumstances affecting both his ability to pay alimony and child support." On January 27, 2000, the defendant filed a motion for contempt, claiming that between August, 1999, and January, 2000, the plaintiff had failed to pay over $15,000 in court-ordered alimony and support.

The court found a substantial change in the financial circumstances of the plaintiff since the date of the dissolution, warranting a modification of alimony and support orders. The court further denied the defendant's motion for contempt, finding that the plaintiff's failure to pay was not wilful. This appeal followed.

The standard of review in family matters is well settled. "An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not

---

[1] The plaintiff was paid $9 per hour working in ski rentals, but had an argument with the manager and quit in December, 1999, shortly after he had commenced that employment.

reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) *Costa* v. *Costa*, 57 Conn. App. 165, 168–69, 752 A.2d 1106 (2000).

I

The defendant first claims that the court improperly considered facts other than the one change in circumstances alleged in the motion to modify, that one minor child had elected to relocate to the plaintiff's home.[2] The defendant claims that the only appropriate reduction in child support, based on the one minor child's change of residence, would be a reduction by one-third, insofar as the parties did not consider the uniform support guidelines to be controlling. The defendant further claims that the court improperly found a substantial change in the plaintiff's income and assets since the time of the decree and inappropriately used her income from employment as a further ground for modification. We agree.

"Periodic alimony is based primarily on a continuing duty to support. . . . Modification of alimony, after the

---

[2] The plaintiff's motion for modification also provided as a factual basis his newfound employment; however, by the time the motion was decided, the plaintiff was no longer working. See footnote 1.

date of a dissolution judgment, is governed by General Statutes § 46b-86. . . . When . . . the disputed issue is alimony, the applicable provision of the statute is § 46b-86 (a), which provides that a final order for alimony [or child support] may be modified by the trial court upon a showing of a substantial change in the circumstances of either party. . . . Once there has been a showing of a substantial change, the final order for the payment of alimony may be continued, set aside, altered or modified." (Citations omitted; internal quotation marks omitted.) *Grosso* v. *Grosso*, 59 Conn. App. 628, 631, 758 A. 2d 367, cert. denied, 254 Conn. 938, 761 A.2d 761 (2000).

"A final order for child support may be modified by the trial court upon a showing of a substantial change in the circumstances of either party. . . . The party seeking modification bears the burden of showing the existence of a substantial change in the circumstances." (Citation omitted; internal quotation marks omitted.) *Hayward* v. *Hayward*, 53 Conn. App. 1, 9, 752 A.2d 1087 (1999). "The date of the most recent prior proceeding in which an alimony order was entered is the appropriate date to use in determining whether a significant change in circumstances warrants a modification of an alimony award." (Internal quotation marks omitted.) *Shearn* v. *Shearn*, 50 Conn. App. 225, 228, 717 A.2d 793 (1998).

Some additional facts are necessary for our resolution of this claim. At the time the motion was filed, the plaintiff was living in Manchester, Vermont, in one of his mother's houses, and his mother had been paying all of his expenses prior to his winter work at the mountain. Prior to the separation of the parties, the plaintiff had been the editor and business manager of a family owned newspaper, of which the plaintiff owned a 7 percent interest. He had been employed in the family business for twenty years prior to the divorce. He had earned between $193,000 and $225,000 in each of the four years

prior to his voluntary termination of that employment in 1998.

The testimony revealed that he had never asked to be rehired at the newspaper, even though he had been admonished to do so in an earlier judicial proceeding prior to judgment. He could not produce any correspondence that might confirm his claim that he had sought employment in his field.

The record does not support the court's finding that there was a substantial change in circumstances in the plaintiff's income and assets. It is clear that the plaintiff voluntarily terminated his employment in a family owned business, and that he continued to be supported by his family in significant ways even while he was neglecting his responsibilities to his children and to his former wife. At the time the decree entered, the plaintiff was unemployed and, nevertheless, agreed to support his family in much the same manner as he had during his employment at the family business. He was able and willing to do so despite his being unemployed. The parties' agreement to revisit the issues of alimony and child support cannot contract away the statutory requirement that the party seeking modification demonstrate a substantial change in circumstances and excuse the failure to comply with the rules of practice with respect to the filing of such a motion. In this case, the only change of circumstance alleged in the motion to modify was the change in residence of one minor child from the defendant's home to the plaintiff's home. The record does not disclose the use of the guidelines. In fact, it appears from the record that the parties agreed that this was not a guidelines case. The motion was predicated on one ground.

We conclude, on the basis of the plaintiff's failure to show a substantial change in his income and assets since the issuance of the dissolution decree, that the

court could not reasonably find a substantial change in his financial circumstances based on the evidence presented. Further, we conclude that the court improperly considered the support guidelines and the defendant's increase in income, as the plaintiff did not allege a substantial deviation from the guidelines or rely on the defendant's increased income to support his request for a downward modification. Although whether to allow an amendment to a motion to modify is within the discretion of the trial court; see *Cummock* v. *Cummock*, 180 Conn. 218, 223, 429 A.2d 474 (1980); no such amendment was sought in this case. Practice Book § 25-26 (e) provides in relevant part: "Each motion for modification shall state the specific factual and legal basis for the claimed modification . . . ." The court therefore abused its discretion in considering grounds not raised in the motion to modify and incorrectly found a substantial change in circumstances on the facts of this record. See *Gleason* v. *Gleason*, 16 Conn. App. 134, 137–38, 546 A.2d 966 (1988).

## II

The defendant next claims that the court improperly modified child support based on an application of the uniform support guidelines. We agree.

General Statutes § 46b-86 (a) provides that a court may modify an order for alimony or support pendente lite "upon a showing that the final order for the child support substantially deviates from the child support guidelines established pursuant to section 46b-215 (a)."

In this case, the parties did not apply the guidelines in the original decree, and the court ratified their agreement, adding to its declaration in the judgment that it was incorporating the agreement by reference, the statement that child support would be paid by contingent income withholding. The plaintiff did not predicate his motion to modify on a substantial deviation of

the child support guidelines. The court's application of the guidelines was improperly based on an earning capacity founded on facts not in the record. The record is devoid of any testimony, even by the plaintiff, that comparable employment would yield the plaintiff $62,000 per year, the figure adopted by the court for his earning capacity. The record discloses that the salary figure adopted by the court was based solely on counsel's assertion in argument. A statement by counsel, however, is not regarded as evidence and does not establish any facts. *State* v. *Sauris*, 227 Conn. 389, 404, 631 A.2d 238 (1993); *State* v. *Roman*, 224 Conn. 63, 68, 616 A.2d 266 (1992), cert. denied, 507 U.S. 1039, 113 S. Ct. 1868, 123 L. Ed. 2d 488 (1993). We therefore conclude that the trial court's basis for finding the plaintiff's earning capacity was clearly erroneous and that the court abused its discretion in applying the guidelines.

### III

Last, the defendant claims that the court improperly failed to find the plaintiff in contempt for his failure to pay alimony and child support as ordered. We agree.

A finding of contempt is a question of fact, and our standard of review is to determine "whether the court abused its discretion in failing to find that the actions or inactions of the [party] were in contempt of a court order." *Bunche* v. *Bunche*, 36 Conn. App. 322, 324, 650 A.2d 917 (1994). "To constitute contempt, a party's conduct must be wilful. . . . Noncompliance alone will not support a judgment of contempt." (Citation omitted.) *Bowers* v. *Bowers*, 61 Conn. App. 75, 81, 762 A.2d 515 (2000), cert. granted on other grounds, 255 Conn. 939, 767 A.2d 1211 (2001).

The facts do not support the finding that the plaintiff's conduct was not wilful. The record discloses the voluntary unemployment of the plaintiff; his promise to pay

regardless of that fact, which promise became part of the stipulated judgment; and, thereafter, his attempt to avoid his obligations by filing a motion to modify a mere five months after the dissolution judgment was rendered. The finding is clearly erroneous.

The judgment is reversed and the case is remanded with direction to reinstate the order of alimony in the judgment, to enter a child support order that is consistent with the judgment but takes into account the relocation of one of three children and to reconsider the motion for contempt, and for further proceedings to determine the plaintiff's arrearage.

In this opinion the other judges concurred.