[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action originally brought in 1991 seeking support for two minor children born to the Plaintiff and fathered by the Defendant. On July 22, 1991 the Defendant was ordered to pay $200 per week. At that time the Plaintiff had gross income of $600 per week with a net income of $478. The Defendant had gross income of $589.20 per week with a net income of $465.43. By motion dated March 11, 2002, the Plaintiff claims that the Defendant is in contempt of the order and that an arrearage of $37,000 is due. She also seeks a modification of the child support order to $150 per week because of a change in her income.
Evidence on the motion was heard by the court on May 23, 2002 and August 9, 2002. The court heard testimony from both the Plaintiff and the Defendant as well as the parties' oldest daughter and received a number of exhibits. From the evidence presented the court finds the following facts.
The support order entered in 1991 was for the support of the parties' children, Venessa, born August 29, 1979, and Angelina, born July 10, 1985. The parties agree that after Venessa turned eighteen in 1997 the support order was reduced to $100 per week. In March 1999 Venessa and her father purchased a house on Deming Street in South Windsor where the Plaintiff and her younger daughter could live. The mortgage payment is $1161.25 per month. When the house was purchased, it was agreed among the Plaintiff, the Defendant, and Venessa, that the Plaintiff would pay $761.25 per month on the mortgage and the Defendant would pay his $400 per month child support to Venessa who would apply it to the mortgage payment. This arrangement has been followed since that time. When the Plaintiff has been unable to pay her share of the mortgage, the Defendant has done so. The Plaintiff has not paid her share of the mortgage since May.
Although the Plaintiff claims that the Defendant owes her $37,000 from 1995, her testimony at trial was conflicting as to the exact amount that CT Page 11319 was owed and for what time period. She submitted no records indicating the amounts due and paid to her which would substantiate her claim. From the testimony of both parties it was clear that the Defendant has made somewhat regular payments of child support as well as provided additional financial assistance to the Plaintiff and their children. He assisted the Plaintiff with the down payment on a house she previously owned as well with funds to maintain ownership of that house. He also occasionally paid for her utilities as well as for clothes for the children and he paid substantial sums for the children's medical and dental expenses. The Defendant submitted detailed lists of the checks he claims represent payments of moneys to the Plaintiff and their children. Even deducting the amount of payments on those lists that the Plaintiff claims were not child support, in a number of years the Defendant made payments in excess of the amount of child support owed. The Defendant also claims that he made cash payments to the Plaintiff for which he has no records. From the evidence presented it was clear that the Plaintiff has allowed these informal arrangements regarding the payment of child support to continue without complaint for a number of years. It is difficult at this point to reach back seven years to determine the exact amount of any arrearage due and the Plaintiff has not submitted sufficient evidence from which the court could do so. In any event, the Defendant has provided ample evidence that he made a good faith effort to comply with the court's order.
"Contempt proceedings are a proper means of enforcing a court order of child support. Unlawful failure to pay court ordered child support as it becomes due constitutes indirect civil contempt. (Citations omitted.)"Mulholland v. Mulholland, 31 Conn. App. 214, 220 (1993). Although it has not been settled by our Supreme Court as to whether the burden of proof on a contempt motion in a family matter is proof by clear and convincing evidence or by a fair preponderance of the evidence, the burden is upon the movant. See, Cologne v. Westfarms Associates, 197 Conn. 141, 152 fn. 11 (1985); Issler v. Issler, 50 Conn. App. 58, 66, certification granted in part 247 Conn. 921, reversed 250 Conn. 226 (1998). In addition, in order to make a finding of contempt the court must find that the party's conduct was "`wilful. . . . Noncompliance alone will not support a judgment of contempt.' Bowers v. Bowers, 61 Conn. App. 75, 81, 762 A.2d 515
(2000), cert. granted on other grounds, 255 Conn. 939, 767 A.2d 1211
(2001)." Prial v. Prial, 67 Conn. App. 7, 14 (2001).
Here the Plaintiff has not met her burden of proof as to her claim that the Defendant is in contempt of the court's order, even applying the lesser standard of a fair preponderance of the evidence. Her evidence as to the amounts allegedly owed and unpaid pursuant to the support order was unconvincing. In addition, although she claims that she did not agree CT Page 11320 to the application of the support payments to the mortgage, she let this arrangement continue for over three years without complaint. Clearly it was to her and her child's benefit to have the mortgage on the property they occupied kept current. Therefore the court cannot find the Defendant in contempt or that any arrearage is owed on the support order.
The plaintiff has also requested a modification of the support order. Her financial affidavit now reflects gross income of $242 per week and net income of $189. The Defendant reports gross income of $764 and net income of $569.90. Pursuant to the Child Support Guidelines an appropriate child support order is $128 per week. General Statutes §46b-86 provides that a support order may be modified upon a showing of a substantial change in circumstances and that there is a rebuttable presumption that any deviation of more than fifteen per cent from the child support guidelines is substantial. Here the current order of $100 per week is more than fifteen per cent less than the child support guideline amount. Therefore the court finds that there is a substantial change in circumstances warranting a modification of the support order.
In conclusion, the Plaintiffs motion for contempt is denied. The Plaintiffs motion for modification is granted and the child support order is modified to $128 per week. That payment shall be made directly to the Plaintiff by the Defendant. In addition, the Defendant shall continue to maintain medical insurance for the minor child and the parties shall share her unreimbursed medical expenses which exceed one hundred dollars per year in accordance with the child support guidelines, that is, the Plaintiff shall be responsible for 42% and the Defendant shall be responsible for 58%. All orders are retroactive to March 13, 2002, as allowed by General Statutes § 46b-86 (a).
 ___________________, J. J. Scholl
CT Page 11321