[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Dissolution of marriage of the parties was entered in this matter on November 21, 1996. An order for child support was not entered but was specifically reserved by the court to be addressed at a later date. The parties then entered into an agreement, Amended Agreement, dated February 4, 1997, in which they stipulated that the defendant husband pay the plaintiff wife child support in the amount of $70 per week for the support of three minor children. There are several affidavits in the court file that pre-date the amended agreement, the court notes however that the most relevant are the defendant's financial affidavit dated April 7, 1997, in which the defendant indicates a net income of $165 per week and the plaintiff's affidavit dated September 2, 1997, which indicates a net income including overtime of $969 per week. The child support guidelines do not appear to be calculated or applied at the time the parties entered into this order for child support.
The plaintiff through counsel filed a Motion for Modification of Child Support Post Judgment dated May 22, 2002. The motion claims that there has been a substantial change in circumstances of the parties.
This court heard approximately 6 hours of testimony over the course of several days. The court listened to the testimony, considered the evidence and evaluated the credibility of the witnesses. Dr. Devitto, a chiropractor, testified that he treated Mr. Kizis after a motor vehicle accident in April 1997. He prepared a final report, Exhibit A, indicating a 8% permanent partial impairment of the cervical thoracic spine and a 5% permanent partial impairment to the lumbosacral spine. It is noteworthy that Dr. Devitto has a business relationship with the defendant in that Dr. Devitto purchases property with the defendant. Dr. Devitto testified that he buys property and Mr. Kizis fixes up these properties, both parties splitting the profits at the closing. Dr. Devitto testified that Mr. Kizis put a pantry in his home, did some framing and sheet rock work in his office and with regard to the defendant's injuries, testified that his injuries should not prevent him from doing carpentry/contracting
CT Page 13971
work. Dr. Devitto testified that Mr. Kizis could do work, he just has to be cautious how he lifts things.
The court considered testimony from the plaintiff, Ms. Fasolo. She testified that she was involved in a motor vehicle accident in March 2001. She testified that she has had to reduce her hours as a nurse due to this injury. Evidence was submitted in support of this injury, Exhibit 10. She also testified that she works as a mortgage broker to supplement her income. Her current net income pursuant to her affidavit dated August 16, 2002, is $477 per week. John Kizis, the brother of the defendant, also testified. He indicated he had a conversation with his brother in which his brother, Mr. Kizis, said that he did not want anything in his name that she could trace. The court notes that the "she" being referred to was Ms. Fasolo.
Mr. Kizis testified that he is not presently employed. He testified that he does consider himself a carpenter/contractor however, as a result of his two motor vehicle accidents, claims he cannot work. He testified that he lives with his mother, pays no rent, and that his mother pays the current child support for him. He testified that he cannot do what he used to do, and that he may need to have surgery. He testified that he filed for social security disability three weeks ago. Mr. Kizis sought medical attention from Dr. Hillsman, Exhibit B, and was diagnosed with a 2 1/2% partial permanent disability of the thoracic spine and a 7 1/2% partial permanent disability to the LS spine.
On cross-examination Mr. Kizis testified that he has been trying to find work for the past five years. At times he testified that he has not worked since February 1997, and is currently unemployed. However upon further examination, Mr. Kizis testified that he opened a restaurant with a partner, was given a boat by a man that he did subcontracting work for, has done odd jobs, worked for a temporary service as a fork lift operator, and has done general window framing/replacement, light duty painting, rug cuts and trim work since the child support order of February 4, 1997. Mr. Kizis also testified that he walks his dog most everyday, and does power walking at the park.
The testimony of Mr. Kizis is neither credible nor consistent. At times Mr. Kizis testifies that he has not worked since February 1997, then goes on to contradict himself by testifying that he has done some carpentry work. As to earnings, Mr. Kizis testified that an experienced carpenter of 15 years, as himself, has the ability to earn $18 per hour. He did not know how much a carpenter with "his limitations" could earn. Mr. Kizis lists his occupation as carpenter on his most recent financial affidavit.
CT Page 13972
The plaintiff challenges the defendant's financial affidavit as well as his claimed medical condition. The plaintiff claims that there has been a substantial change in circumstances of both parties and asks the court to impose an earning capacity deviation on the defendant. The child support guidelines provide for a deviation where the court finds "other financial resources available to a parent." 46b-215a-3 (b) (1) (B). A parent's earning capacity is specifically included in this subsection.
General Statutes 46b-86 (a) provides in pertinent part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support . . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. There shall be a rebuttable presumption that any deviation of less than fifteen per cent from the child support guidelines is not substantial and any deviation of fifteen per cent or more from the guidelines is substantial. . . ."
"The burden of proof is on the party seeking the modification."Connolly v. Connolly, 191 Conn. 468, 474, 464 A.2d 837 (1983); Kaplan v.Kaplan, 185 Conn. 42, 46, 440 A.2d 252 (1981); Richard v. Richard,23 Conn. App. 58, 62, 579 A.2d 110 (1990). "When presented with a motion for modification, a court must first determine whether there has been a substantial change in the financial circumstances of one or both of the parties." Morris v. Morris, Superior Court, judicial district of New Haven, Docket No. FA 96 0389510 (December 3, 2001, Domnarski, J.), citingCrowley v. Crowley, 46 Conn. App. 87, 92 (1997). "A final order for child support may be modified by the trial court upon a showing of a substantial change in the circumstances of either party. . . . The party seeking modification bears the burden of showing the existence of a substantial change in the circumstances." (Internal quotation marks omitted.) Prial v. Prial, 67 Conn. App. 7, 11, 787 A.2d 50 (2001). "That party must demonstrate that continued operation of the original order would be unfair or improper." (Citation omitted; internal quotation marks omitted.) Richard v. Richard, supra, 62. A parent's earning capacity is specifically included in the guidelines. General Statutes § 46b-84 (d) provides: "In determining whether a child is in need of maintenance and, if in need, the respective abilities of the parents to provide such maintenance and the amount thereof, the court shall consider the age, health, station, occupation, earning capacity, amount and sources of
CT Page 13973
income, estate, vocational skills and employability of each of the parents, and the age, health, station, occupation, educational status and expectation, amount and sources of income, vocational skills, employability, estate and needs of the child." "It is well established that a court may consider a party's earning capacity rather than actual income. Johnson v. Johnson, 185 Conn. 573, 576, 441 A.2d 578 (1981);Miller v. Miller, 181 Conn. 610, 611, 436 A.2d 279 (1980); Siracuse v.Siracuse, 30 Conn. App. 560, 566 A.2d 309 (1993).
It is up to the court, as the trier of fact, to determine the credibility of witnesses and the weight to be given to their testimony.Power v. Olson, 252 Conn. 98, 105, 742 A.2d 799 (2000); Leo v. Leo,197 Conn. 1, 4, 495 A.2d 704 (1985); Griffin v. Nationwide Moving Storage Co., 187 Conn. 405, 422, 466 A.2d 799 (1982); Riccio v. Abate,176 Conn. 415, 418, 407 A.2d 1005 (1979). "A trier of fact is free to reject testimony even if it is uncontradicted; and is equally free to reject part of the testimony of a witness even if other parts have been found credible." Barilla v. Blake, 190 Conn. 631, 639, 461 A.2d 1375
(1983). The court has the right to accept part and disregard part of the testimony of any witness. Smith v. Smith, 183 Conn. 121, 123, 428 A.2d 842
(1981); Rood v. Russo, 161 Conn. 1, 3, 283 A.2d 220 (1971). The court finds the defendant's testimony to be less than credible. The defendant has provided the court with contradictory testimony. The medical documentation submitted as evidence does not support the defendant's claim of not being able to work. The disability rating received from each doctor is less than 8%. A partial disability of this nature clearly does not support a total inability to work.
It is Mr. Kizis' own testimony that he has worked as a general contractor over the past five years that is most compelling. Testimony from both witnesses also support the claim that Mr. Kizis has worked and has the ability to work since the child support order was entered. After carefully considering the totality of the evidence presented, and the credibility of the witnesses, the court finds that the moving party has sustained its burden of proof as required by law. The court finds that there has been a substantial change in circumstances since the child support order of $70 was set on February 4, 1997.
The court also notes from review of the file that there has never been a voluntary child support payment until the court found Mr. Kizis in contempt on June 27, 2002, and set a $7,500 purge, which was paid.
Considering all the facts and circumstances, the evidence and the testimony of the parties, the court finds that strict application of the guidelines would be inequitable. The only indicator of earning capacity
CT Page 13974
of the defendant was his own testimony. The court finds that a deviation of the guidelines is warranted under the following criteria; the defendant father's earning capacity, Regs., Conn. State Agencies46b-215a-3 (b) (2) (B), the best interest of the minor child, 46b-215a-3
(b) (6) (B), and other equitable factors, 46b-215a-3 (b) (6) (C).
In determining the appropriate support order the court has considered all of the factors set forth in General Statutes 46b-84 (d) and the child support guidelines. Based on those factors the court has prepared two guideline worksheets. The first guideline worksheet is based on the financial affidavits of the parties submitted in connection with the motion for modification pending before the court. The court finds based on the reasons articulated above, persuaded most by the testimony of the parties themselves, a child support order of $6 per week would not be appropriate and holds that application of the guidelines as such, would be inequitable and finds it appropriate to apply the deviation criterion of the defendant's earning capacity in determining child support. A second guideline worksheet was prepared and sets forth this deviation. The court finds Mr. Kizis to have an earning capacity of $18 per hour. Applying this to full time employment of 40 hours per week the defendant would have a gross income of $720 per week. The court calculated the plaintiffs gross income to be $663 per week ($553 from her employment as a nurse and $100 per week from her employment as a mortgage broker.) The court then applied the proper tax deductions and arrived at a recommended child support obligation for the defendant for the support of the three minor children. (see attached guideline worksheet 2). The court orders the defendant to pay the plaintiff child support in the amount of $190 per week current support for the support of three minor children and $38 per week on the arrears. Pursuant to the guidelines the court orders that the defendant be responsible for 32% of all unreimbursed medical and dental expenses and work related daycare. This too, has been calculated based on the defendants earning capacity, in accordance with the guidelines.
In granting the plaintiffs motion for modification the court makes this order retroactive to the date of service of the motion. The court continues this matter to December 9, 2002, for the pending contempt and compliance with this order.
BY THE COURT
 ___________________ SUSAN D. BARAN Family Support Magistrate
[EDITORS' NOTE: GUIDELINE WORKSHEET IS ELECTRONICALLY NON-TRANSFERRABLE.]
CT Page 13975
[EDITORS' NOTE: This page is blank.]
CT Page 13976