[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT
A judgment providing for dissolution of marriage and other relief was entered on May 6, 1999. At that time, there was a lengthy agreement incorporating the resolution of the divorce action and providing among other things for the distribution of real property. Pursuant to the terms of that agreement, the defendant husband was to transfer all his right, title and interest in a property known as 9 Westridge Drive, Avon, Connecticut to the plaintiff wife. Thereupon, the plaintiff wife was to be responsible for the mortgage, taxes and expenses of that property, and was to hold the defendant harmless from any of those expenses. The agreement, and judgment, provided further as follows:
 "in the event that the plaintiff wife decides to sell the real property the defendant husband shall have the right of first refusal, to be exercised within ten (10) days. If the defendant husband exercises such he shall do so as an arms length buyer and the plaintiff wife shall receive the identical sum that would have been realized had she sold the real property to another buyer. All notices relative to the right of first refusal shall be in writing."
On or about April 17, 2002, the plaintiff by certified mail provided the defendant with the following notice:
 "In accordance with our divorce decree dated April 28, 1999, I am giving you first refusal in the purchase of the above-referenced property. I intend to sell the property at fair market value, see comparative market analysis attached, and will offer it to you, for the next ten days, for the price of $305,000.00. If you do not respond with interest in the next ten days, I intend to put it on the market CT Page 15726 for $322,900.00."
The notice was signed by the plaintiff, and was accompanied by a "market analysis" done by a realtor and some supporting documentation. There is no dispute as to the fact that the notice was sent, and received by the defendant, Mr. Zacchera.
Subsequent to his receipt of the notice, the defendant, Mr. Zacchera did not contact the plaintiff with any response. On or about May 13, 2002, the plaintiff entered into a listing agreement with a local real estate company, and received an offer for the property shortly thereafter. On August 12, 2002, the plaintiff conveyed the property by warranty deed pursuant to the sales contract. The sale price of the property was $322,500.00. The only communication between the plaintiff and the defendant with respect to the right of first refusal was the notification dated April 17, 2002 which is reproduced above.
The defendant now prays for a finding of contempt as to the plaintiff.
A right of first refusal is also known as a preemptive option. The Connecticut Supreme Court has defined a right of first refusal as "a right to purchase property on the same terms as those proposed by a third party purchaser." Smith v. Hevro Realty Corporation, 199 Conn. 330, 335,507 A.2d 980 (1986). The court went on to observe that the right does not arise until "the owner wishes to sell the property and he receives an acceptable offer from a bonafide purchaser." Smith, supra. When the owner notifies the holder of the right of those conditions, the right of first refusal ripens into an option, which is "a continuing offer to sell, irrevocable until the expiration of the time period fixed by agreement of the parties, which creates in the option holder the power to form the binding contract by accepting the offer." Smith, supra.
That law, applied to the facts as found herein, leads to the conclusion that the plaintiff did not properly offer the defendant the right of first refusal as contemplated by the judgment.
That finding having been made, an inquiry is required as to wether the conduct in violation of the order was wilful. "To constitute contempt, a party's conduct must be wilful. . . . Noncompliance alone will not support a judgment of contempt." Bowers v. Bowers, 61 Conn. App. 75, 81,762 A.2d 515 (2000), cert. granted on other grounds, 255 Conn. 939,767 A.2d 1211 (2001). Prial v. Prial, 67 Conn. App. 7, 787 A.2d 50
(2001)
A review of the judgment as well as the terms of the communication from CT Page 15727 the plaintiff to the defendant lead the court to the conclusion that the plaintiff's action was not wilful. The plaintiff did intend to offer the property to the defendant at a price consistent with her belief of market value. Her letter as well as her testimony both support that conclusion. The fact that her understanding of the obligation of the right of first refusal was not consistent with that provided by our case law is not sufficient to warrant a finding that her actions were wilful. Indeed her behavior and actions are suggestive of the opposite.
"A good faith dispute or legitimate misunderstanding of the terms of an alimony or support obligation may prevent a finding that the payer's nonpayment was wilful." Sablosky v. Sablosky, 258 Conn. 713, 718,784 A.2d 890 (2001).
Accordingly, the defendant's Motion for Contempt is denied.
BY THE COURT
 ___________________ Antonio C. Robaina, J.
CT Page 15728