JOHN J. DEMARTINO *v.* VICTORIA ANN DEMARTINO
(AC 23413)

Schaller, Dranginis and Flynn, Js.

Argued May 12—officially released September 16, 2003

*Gerald A. Roisman*, with whom, on the brief, was *Robert D. Zaslow*, for the appellant (defendant).

*Timothy J. Fitzgerald*, with whom, on the brief, was *Daniel D. Dwyer*, for the appellee (plaintiff).

*Opinion*

SCHALLER, J. The defendant, Victoria Ann Demartino, appeals from the postjudgment order of the trial court granting the motion filed by the plaintiff, John J. Demartino, to open the judgment and to modify or to terminate his periodic alimony payments to her. On appeal, the defendant claims that the court improperly (1) found a substantial change in circumstances warranting a modification and prospective termination of alimony because there was insufficient evidence concerning the future economic conditions of the parties[1]

---

[1] In her brief, the defendant states her first two claims as follows: "1. Did the Trial Court err in finding a substantial change in circumstances to warrant a modification of alimony?" and, "2. Did the Trial Court err by prospectively terminating alimony without evidence as to the future financial circumstances of the parties?" Although the defendant states those as two separate claims, they are closely related. Whether the court properly deter-

and (2) modified the alimony order inconsistent with the factors in General Statutes § 46b-82.[2] We reverse in part and affirm in part the judgment of the trial court.

The following facts are relevant to the disposition of the defendant's appeal. The plaintiff and the defendant were married on October 27, 1962. In 1980, the plaintiff filed a dissolution action. The marriage was dissolved on November 24, 1982. At the time of the dissolution, the parties entered into an agreement and stipulation (agreement).[3] The court incorporated the agreement into the judgment of dissolution.

On July 6, 1990, the defendant filed a motion and citation for contempt and for attorney's fees, claiming that the plaintiff unilaterally had reduced his periodic

mined the existence of a substantial change in circumstances to warrant a modification of the alimony award, in addition to warranting the prospective termination of alimony, is dependent on whether the court properly considered the financial evidence before it. We therefore will address those claims together in part I.

[2] General Statutes § 46b-82 provides: "At the time of entering the decree, the Superior Court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81. The order may direct that security be given therefor on such terms as the court may deem desirable, including an order to either party to contract with a third party for periodic payments or payments contingent on a life to the other party. In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

[3] The agreement and stipulation required, among other things, that the plaintiff pay alimony to the defendant according to the following schedule: $600 per week until July 1, 1983; $500 per week until July 1, 1985; $400 per week until July 1, 1986; and $300 per week thereafter. The agreement provided that alimony would terminate either on the death of the defendant or her remarriage.

alimony payments in violation of the parties' agreement and the court's order.[4] On July 18, 1990, the plaintiff filed a motion for modification or termination of periodic alimony, claiming a substantial change in circumstances. The court denied the plaintiff's motion, reaffirming the alimony order, because it did not find a substantial change in circumstances to warrant a modification. The court granted the defendant's motion.[5]

On March 6, 2002, the plaintiff filed a motion to open and to modify the judgment. The plaintiff sought modification or termination of periodic alimony based on his claim of a substantial change in circumstances because of the recent termination of his employment. In response, on July 17, 2002, the defendant filed a motion for contempt due to the plaintiff's failure to pay alimony.[6] The court conducted a hearing on those two motions on July 18, 2002.

The court filed its memorandum of decision on July 26, 2002, in which, after finding a substantial change in the circumstances of the parties, it ordered the plaintiff to continue to pay periodic alimony in the amount of $300 per week until December 1, 2005, when the alimony order would terminate. The court also found that the plaintiff was in arrears in his alimony payments and ordered him to pay $8500 in arrearages and $1500 for attorney's fees.

---

[4] The defendant specifically alleged that the plaintiff had failed to make complete and consistent alimony payments since October, 1987, thereby resulting in a $35,069 arrearage.

[5] The defendant specifically alleged that the plaintiff had failed to make complete alimony payments resulting in an alimony arrearage of approximately $36,000. The court ordered the plaintiff to pay $25,000 to the defendant within thirty days and the remaining balance of $10,069 at the rate of $20 per week.

[6] In her motion for contempt, the defendant claimed that the plaintiff unilaterally had stopped payment of periodic alimony for thirty-two weeks, thereby resulting in an arrearage of $9600.

The defendant filed a motion for extension of time to appeal, a motion to reargue and a motion for articulation. The court granted the motion for an extension of time to appeal and denied the motion to reargue. The court also filed an articulation in support of the July 26, 2002 memorandum of decision. The defendant now appeals.

I

The defendant first claims that the court improperly found a substantial change in circumstances warranting a modification and prospective termination of alimony on the basis of insufficient evidence concerning the future economic conditions of the parties. We agree.

We must first set forth the applicable standard of review. "The standard of review in family matters is well settled. An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Prial* v. *Prial*, 67 Conn. App. 7, 9–10, 787 A.2d 50 (2001); see also *Paddock* v. *Paddock*, 22 Conn. App. 367, 372, 577 A.2d 1087 (1990). Therefore,

"to conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did." (Internal quotation marks omitted.) *Clark* v. *Clark*, 66 Conn. App. 657, 668, 785 A.2d 1162, cert. denied, 259 Conn. 901, 789 A.2d 990 (2001).

General Statutes § 46b-86 governs the modification or termination of an alimony or support order after the date of a dissolution judgment. *Borkowski* v. *Borkowski*, 228 Conn. 729, 734, 638 A.2d 1060 (1994). Pursuant to § 46b-86, the disputed order may be modified by the court on a showing of a substantial change in the circumstances of the parties. "In general, the same factors used by the court to establish an initial award of alimony are relevant in deciding whether the decree may be modified." *Spencer* v. *Spencer*, 71 Conn. App. 475, 480, 802 A.2d 215 (2002).

To determine whether the court abused its discretion, we must consider how it arrived at its finding of a substantial change in circumstances. "The date of the most recent prior proceeding in which an alimony order was entered is the appropriate date to use in determining whether a significant change in circumstances warrants a modification of an alimony award." (Internal quotation marks omitted.) *Prial* v. *Prial*, supra, 67 Conn. App. 11. Here, both parties and the court appear to have considered the order requiring the repayment of the arrearage and denying the motion to modify, rendered during the hearing on those motions in 1991, to have been the most recent, prior proceeding in which an alimony order was entered.

In its memorandum of decision, the court relied on the following facts that were found during the July 18, 2002 hearing on the parties' motions. With respect to the plaintiff, in 1991, he was employed earning an annual salary of $82,680. In 1991, during the hearing on the

first motion, the plaintiff had a gross weekly income of $1444 with other weekly income of $54. In August, 2001, the plaintiff's financial circumstances had changed as a result of the termination of his employment. As a result of his termination, the plaintiff received a severance package that continued his salary until December 10, 2001, and provided a lump sum payment of $175,000, payable beginning in January, 2002. As part of the severance package, his former employer paid off the balance of the plaintiff's car lease in the amount of $31,687. The plaintiff also was vested in two pension plans, both of which could begin paying $4000 monthly immediately, if the plaintiff so elected, and he chose to accept a lower monthly payment prior to the age of sixty-five. The plaintiff was eligible to receive monthly social security benefits of $1500. The plaintiff's 401 (k) plan was valued at $450,000, and he had liquid assets of $30,000. The plaintiff testified at the July 18, 2002 hearing that he had access to approximately $90,000 annually from those sources of income.

With respect to the change in the defendant's financial circumstances following the hearing held in February, 1991, the court found the following facts. The defendant became employed at the department of social services. Her gross weekly salary was $786. She will be entitled to receive a state pension with payments commencing on December 1, 2005, and was old enough to begin withdrawing funds from her individual retirement account and 401 (k) plan, which were valued at approximately $82,000. The defendant's liquid assets were valued at $179,000.

On the basis of those financial considerations, taking into account the factors in § 46b-82, the court concluded that "[t]here has been a substantial change of circumstances since 1991 when this case was *last reviewed*. The financial circumstances of *both* parties have improved significantly . . . [and] both parties have a

comfortable standard of living." (Emphasis added.) Accordingly, the court ordered the plaintiff to continue paying periodic alimony in the amount of $300 per week, terminating on December 1, 2005, when the defendant would become sixty-five years old and begin receiving pension payments in the amount of $320 per month. The court did not, however, make a finding of a substantial change precipitating an order for immediate modification, either downward or upward, of alimony. The court also did not order an immediate termination of periodic alimony. In essence, the court applied its present finding of a substantial change in circumstances to support a *future* termination of periodic alimony.

We disagree with the court's conclusions. First, the court improperly compared the parties' present financial circumstances to their financial circumstances as they existed in 1991. "The date of the most recent prior proceeding in which an alimony order was entered is the appropriate date to use in determining whether a significant change in circumstances warrants a modification of an alimony award." (Internal quotation marks omitted.) *Prial* v. *Prial*, supra, 67 Conn. App. 11. "It is . . . well established that when a party, pursuant to § 46b-86, seeks a postjudgment modification of a dissolution decree that earlier *had been modified*, he or she must demonstrate that a substantial change in circumstances has arisen subsequent to the entry of the earlier modification." (Emphasis added.) *Borkowski* v. *Borkowski*, supra, 228 Conn. 736. The prior order must therefore be a prior order *modifying* alimony in some manner. Here, the earlier motion for modification was denied, so no order was entered that modified the order of alimony contained within the original judgment.

The court stated that it considered the 1991 order the proper predicate order because 1991 was the most recent time that the alimony award had been "reviewed." Because the 1991 order did not modify ali-

mony, but instead merely denied the motion for modification and maintained the alimony award, the appropriate order was the original order of periodic alimony contained within the judgment of dissolution in 1982. To determine properly whether there had been a substantial change in circumstances, the court would have been required to compare the parties' financial circumstances as they existed in 1982 to the parties' financial circumstances as they existed in 2002.

Regardless of the comparative years, however, we disagree with the court's conclusion that because it *presently* found a substantial change in the financial circumstances of the parties, it could predict the future financial conditions of the parties, without further evidence, warranting a future termination of alimony. The issue of future termination of the alimony award was not before the court. In support of his March 6, 2002 motion to open and to modify the judgment, the plaintiff filed his claims of relief requesting termination of his alimony obligation as of the date of his motion, March 6, 2002. The plaintiff did not specifically request *future* termination of alimony and, as such, the court improperly fashioned relief on an issue that was not before it. See *Wingerd* v. *Wingerd*, 3 Conn. App. 261, 487 A.2d 212 (where only relief requested was termination of alimony, only issue properly before court was whether alimony should be terminated, and court refused to reduce alimony order), cert. denied, 195 Conn. 804, 491 A.2d 1104 (1985).

The court did not have before it sufficient evidence of the parties' future financial circumstances. As previously stated, § 46b-82 requires a finding of a substantial change in circumstances, based on statutory factors, prior to ordering a modification. Without more, the court could only speculate that the parties' financial conditions will at least remain the same, and there did

not exist a sufficient evidentiary basis for such a determination.

*Pack* v. *Pack*, 180 Conn. 211, 429 A.2d 477 (1980), is instructive. In *Pack*, the trial court entered an alimony order that stated in relevant part that "after four years from the date of the decree, if the defendant is employed or is receiving benefits from unemployment payments, other labor related sources or Social Security, the plaintiff's periodic alimony payments shall be reduced to $125 per week." Id., 212. On appeal, the plaintiff claimed that the court abused its discretion in entering a future order because the court did not *presently* have evidence of the parties' future financial circumstances. Id. Our Supreme Court disagreed and concluded that the court did not abuse its discretion because it "had *sufficient* financial information before it upon which to base both its present and *future* alimony orders." (Emphasis added.) Id.

Unlike the situation in *Pack*, the evidence offered in this case was insufficient to permit the court to make a determination concerning the future financial circumstances of the parties. There was limited evidence concerning the defendant's future financial condition. The only evidence before the court concerning the defendant's future financial condition included (1) her entitlement to begin accepting a $320 per month pension payment beginning in December, 2005, (2) her desire to continue working and (3) her current state of good health. On the basis of that evidence, we conclude that there was an insufficient evidentiary foundation to warrant the future termination of alimony because such a determination would require the court to speculate as to whether: (1) the defendant's health will remain the same, enabling her to continue to work; (2) the defendant will remain employed earning the same level of income; and (3) the defendant's living expenses will increase. It is not the province of this or any court to

speculate as to evidence not before it. The burden is on the party seeking modification or termination to provide evidence of a substantial change of circumstances. The plaintiff may have provided evidence of a present change that would support a current modification, although that is doubtful because the court found that the financial conditions of both parties had improved. The plaintiff failed to do so with respect to the defendant's prospective financial conditions, certainly as of December 1, 2005.

We therefore conclude that the court abused its discretion, and improperly granted the plaintiff's motion and ordered the future termination of periodic alimony.

## II

The defendant's second claim is that the court impermissibly modified the alimony order in a manner inconsistent with the factors in § 46b-82. Specifically, she argues that the court relied on an improper criterion that is not contained in the factors to be considered by the court pursuant to § 46b-82.[7] That, the defendant argues, indicates that the court overstepped its authority and abused its discretion. We agree.

As a preliminary step, we set forth the appropriate standard of review for the defendant's claim. "An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action." (Citation omitted; internal

[7] Although the defendant's first claim is dispositive of the appeal, we reach her second claim because it is likely to arise again if the parties seek modification in the future.

quotation marks omitted.) *Knock* v. *Knock*, 224 Conn. 776, 795, 621 A.2d 267 (1993).

Our courts have stated that the trial court must consider all of the criteria in § 46b-82. See *Caffe* v. *Caffe*, 240 Conn. 79, 82, 689 A.2d 468 (1997); *Tevolini* v. *Tevolini*, 66 Conn. App. 16, 31, 783 A.2d 1157 (2001). Section 46b-82 does not, however, contain an exhaustive list of relevant criterion that a court should consider when awarding alimony. See *Robinson* v. *Robinson*, 187 Conn. 70, 72, 444 A.2d 234 (1982) (court may consider factors not listed in General Statutes § 46b-81 when determining just, equitable distribution of property).

In *Smith* v. *Smith*, 249 Conn. 265, 752 A.2d 1023 (1999), our Supreme Court considered equitable factors not listed in § 46b-81 when determining whether to modify an alimony award. In *Smith*, the court held that the "needs of each of the parties" includes a party's need to travel to visit the party's children, despite the fact that § 46b-82 does not expressly list the parties' "needs to travel" as a factor for consideration. Id., 284. In further support of that conclusion, the court stated that "even if . . . [the parties' travel needs] were not interpreted to fall under a *particular* statutory criterion, the plaintiff's travel expenses would qualify as an *equitable consideration* for the court." (Emphasis added.) Id.

Here, the court articulated that it based its finding of a substantial change of circumstances on eight criteria: Age, station, occupation, amount and sources of income, vocational skills, employability, needs and other equitable factors. The first seven factors are expressly listed in § 46b-82. With respect to the eighth factor, the court stated that "[t]he parties were married for approximately twenty years. On December 1, 2005, the plaintiff will have paid alimony to the defendant for approximately twenty-three years."

Because § 46b-82 does not contain an exhaustive list of factors, the court properly may consider "other equitable factors" when determining an alimony award. See id. The question is whether the court properly considered the fact that the plaintiff had paid alimony to the defendant for twenty-three years following a marriage that lasted twenty years. The defendant contends that this consideration amounts to an "enough is enough" type of determination. The plaintiff argues that the court simply considered the length of the parties' marriage pursuant to § 46b-82. We agree with the defendant that the court's consideration of the duration of alimony in this context was not an "equitable factor." No authority exists to support a comparison of the duration of alimony with the duration of the marriage as an "equitable factor."

Although it may not have been an abuse of discretion to consider other "equitable considerations," the ratio of the number of years married to the number of years that the plaintiff paid alimony, in determining prospective termination of alimony, is not a proper "equitable consideration." We therefore conclude that the court abused its discretion in so doing.

The judgment is reversed only as to the order terminating alimony and the case is remanded with direction to reinstate the alimony award of $300 per week without restriction. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.