LINDA MAE BEHRNS *v.* RONALD WAYNE BEHRNS
(AC 26978)

Flynn, C. J., and Rogers and Stoughton, Js.

Argued February 6—officially released June 26, 2007

*George J. Markley,* with whom, on the brief, was *Veronica E. Reich,* for the appellant (defendant).

*James H. Lee*, with whom, on the brief, was *Kirk A. Bennett*, for the appellee (plaintiff).

*Opinion*

STOUGHTON, J. The defendant, Ronald Wayne Behrns, appeals from the judgment ordering that he pay alimony, support and counsel fees to the plaintiff, Linda Mae Behrns.[1] He claims that the trial court improperly (1) found that his attorney was the scrivener of the parties' separation agreement and construed it against him, (2) awarded counsel fees pursuant to General Statutes § 46b-62 and (3) failed to conclude that the claims of the plaintiff were barred by the doctrines of laches and equitable estoppel. We agree with the defendant's first claim and reverse the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. In 1984, the parties contemplated divorce, and the plaintiff retained an attorney who drafted a separation agreement. Among other provisions, the agreement provided that "all the payments [described in the section providing for alimony and child support] shall increase by an amount equal to the cost of living as measured by the [c]onsumer [p]rice index or the percentage yearly increase in the [defendant's] salary or business income, whichever is less." The parties reconciled for a time, but in 1986 they again decided to end their marriage. Both parties were then represented by counsel. The defendant suggested a change in the agreement that would permit a decrease as well as an increase in his payments. The plaintiff agreed to the change. The relevant provision, which is

---

[1] Although the plaintiff labeled her motion a motion for contempt, because she also requested an order for payment of an arrearage, we treat the motion as if it were a motion for contempt and for order. See *Bijur* v. *Bijur*, 79 Conn. App. 752, 754 n.1, 831 A.2d 824 (2003). The court found that the defendant was not in contempt, and the defendant on appeal challenges the grant of relief ordered.

§ 5.3 in the 1986 version of the agreement, was changed to read: "[a]ll the payments pursuant [to the relevant section], shall increase or decrease, by an amount equal to the cost of living as measured by the Consumer Price index [price index], or the percentage yearly increase or decrease in the [defendant's] salary and wages, whichever is less . . . ." The defendant lost his job and his salary and wages in 1990. Subsequently, he stopped paying alimony and support. After informally demanding payment from the defendant for some years, the plaintiff filed a postjudgment motion for contempt on April 10, 2001. The initial trial court, *Dewey, J.,* determined that the cited provision was clear, unambiguous and self-executing and that when the defendant's income decreased, his obligation decreased accordingly. On appeal, this court reversed the judgment of the trial court, determining that the provision was ambiguous and not self-executing, and remanded the case for a new hearing on the plaintiff's motion. *Behrns* v. *Behrns,* 80 Conn. App. 286, 835 A.2d 68 (2003), cert. denied, 267 Conn. 914, 840 A.2d 1173 (2004). On remand, the court, *Owens, J.,* declined to find the defendant in contempt but determined that, pursuant to the disputed provision, the defendant was liable for an amount decreased by the lesser of the change in the price index or the percentage decrease in his salary and wages.

The defendant claims that the court improperly construed the agreement between the parties governing his support and alimony obligations. Specifically, he argues that the court's finding that he drafted the agreement was clearly erroneous, and therefore the court improperly construed ambiguities in the agreement against him.[2]

---

[2] The defendant also argues that the court failed to consider the language of the provision adequately and the intent of the parties in including the provision and that the court's construction of the provision is illogical. Specifically, the defendant argues that the language of the 1984 agreement provided that if the price index and his salary both increased, his payments would be the lesser of the resulting sums. He asserts that the change in

To the extent that the defendant asks us to review factual determinations, our review is limited to deciding whether these determinations were clearly erroneous. (Internal quotation marks omitted.) *Demartino* v. *Demartino*, 79 Conn. App. 488, 492, 830 A.2d 394 (2003). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) Id.

"The interpretation of a contract term that is not so clear as to render its interpretation a matter of law is a question of fact, subject to the clearly erroneous standard of review." (Internal quotation marks omitted.) *Bijur* v. *Bijur*, 79 Conn. App. 752, 759, 831 A.2d 824 (2003).

In construing the agreement, the defendant claims that the court erroneously found that it was undisputed that he had drafted the disputed provision. The court considered the differing interpretations of § 5.3 suggested by the parties. It found that it was undisputed that the defendant's attorney was the scrivener of the agreement. In its award, the court accepted the interpretation of § 5.3 offered by the plaintiff. In doing so, it specifically acknowledged the general rule that when two or more meanings may fairly be given to language in a contract, the language is to be construed against the one who drew it. *Sturman* v. *Socha*, 191 Conn. 1,

1986 permitting a decrease also should be interpreted in a manner such that his liability would be the lesser of the resulting sums. He also argues that the change was meant to benefit him relative to his position under the earlier form of the agreement. In addition, he asserts that the court's interpretation defies logic because he remains liable for payment even after his salary and wages decrease to zero. Because we conclude that the court improperly determined that the defendant drafted the language, we need not reach his other arguments.

9, 463 A.2d 527 (1983). It is thus clear that the court construed the ambiguous language of § 5.3 against the defendant.

Our review of the record reveals that it was not undisputed that the agreement was drafted by the defendant's attorney. The agreement originally was drafted in 1984 by the plaintiff's attorney at a time when the defendant was not represented by counsel. Specifically, § 5.3 itself, in its original form, was drafted by the plaintiff's attorney as part of the 1984 agreement. The subsequent change providing for a decrease as well as for an increase was suggested by the defendant, but it was agreed to by the plaintiff at a time when both parties were represented by counsel. Our review of the record reveals that the defendant never conceded the issue of who drafted the agreement. Under these circumstances, it was clearly erroneous for the court to conclude that the identity of the drafter was undisputed and to construe the agreement against the defendant on the basis of this determination. We further conclude that the court's finding that the defendant's attorney was the scrivener of the agreement affected its entire decision. See *Montoya* v. *Montoya*, 280 Conn. 605, 615, 909 A.2d 947 (2006). Therefore, we reverse the determination of the court.

The court also awarded counsel fees requested by the plaintiff and concluded that she was vigilant in her pursuit of the defendant and that he had failed to demonstrate that any delay was prejudicial to him. Both of these determinations may have depended to some extent on the acceptance of the plaintiff's version as the intent of the parties to the agreement. Therefore, we reverse these determinations as well and remand the case for further proceedings. See *Sablosky* v. *Sablosky*, 61 Conn. App. 66, 72–73, 762 A.2d 922 (2000), rev'd on other grounds, 258 Conn. 713, 784 A.2d 890 (2001).

The judgment is reversed as to the orders of alimony, child support and attorney's fees and the case is remanded for a new hearing on those issues. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.